UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-20358-BKC-LMI
CHAPTER 13

IN RE:
JOSUE CEPERO
and LETICIA CEPERO,
      Debtors

_____/

**DEBTORS' MOTION FOR CONTEMPT AGAINST HAMMOCKS COMMUNITY
ASSOCIATION INC., AND IT'S PRESIDENT, MARGLLI GALLEGO FOR FAILURE TO
ABIDE BY THIS COURT'S AGREED ORDER DATED DECEMBER 3, 2019, [ECF
189] AND THIS COURT'S ORDER DATED DECEMBER 6, 2018, [ECF 191] ON THE
DEBTORS' AMENDED MOTION FOR CONTEMPT AGAINST HAMMOCKS
COMMUNITY ASSOCIATION INC., AND IT'S PRESIDENT, MARGLLI GALLEGO
<u>AND REQUEST  AN EVIDENTIARY HEARING</u>**

      The Debtors request that  this Honorable Court enter an Order holding Hammocks

Community Association Inc., ("The Association") and it's President, Marglli Gallego, in

contempt in violation of this Court's Orders, [ECF 189 and 191] and states:

      1.      On August 16, 2017, the Debtors filed a voluntary petition under Chapter 13

of Title 11 of the U.S. Bankruptcy Code.

      2.      One of the creditors listed in the Debtor's schedules is Hammocks

Community Association Inc., who is the Debtors' Homeowner's Association on the Debtor's

homestead property located at 9541 Southwest 148th Place, Miami, FL 33196.

      3.      Pursuant to the Debtor's Amended Chapter 13 Plan, the Debtors arrearage

and monthly payments are being paid through the plan.

      4.      Pursuant to Orders entered by this Court, after evidence presented at trial;

      A.      The Agreed Order on Debtor's Amended Motion for Contempt against

Hammocks Community Association Inc., and it's President, Marglli Gallego, [ECF 189],

1

dated December 3, 2018 states The Hammocks Community Association, Inc., and it's President, Marglli Gallego shall refrain from any further contact with the Debtors, Josue and Leticia Cepero, during the bankruptcy and until such time as the bankruptcy has been discharged and/or dismissed.  During such time, there shall be no communication from any representative with Hammocks Community Association, Inc., and/or it's President, Marglli Gallego, and either her individually, or her capacity of her representative of the Association, with reference to the bankruptcy filed by Josue and Leticia Cepero, the Debtors' debts, the Debtors' creditors or any other business relationships the Debtors may have relating to the Bankruptcy. This includes a prohibition against Hammocks Community Association, Inc., and/or it's President, Marglli Gallego, to communicate with or about the debtors, in person, or in writing, or with any other Association members, including but not limited to, from communicating to anyone regarding any matter relating to the bankruptcy, the Debtors' failure to pay maintenance payments, or any other financial matters of the Debtors.

In the event the Chapter 13 Plan remains effective and approved, and such plan directs Hammocks Community Association, Inc., to accept monthly Association payments, the Association will comply with such plan.

In the event Josue and Leticia Cepero remain in compliance with the Chapter 13 Plan, Debtors shall be entitled to all benefits of every other condominium association owner, including but not limited to, access to all the common areas, be entitled to vote on all condominium matters and shall be provided with all condominium materials that are provided to other Association members.

Notwithstanding Debtors rights as condominium association owners, Debtors shall refrain from any further contact with the Hammock Community Association, Inc's

President, Marglli Gallego during or immediately following Association board meetings; and shall direct any formal communications with Mrs. Gallego in her capacity as the President of the Association in writing.

The parties agree the communications, negotiations of this agreed order, discovery made by the parties in connection with the evidentiary hearing associated with the Motion and this Order, shall remain confidential, and shall not be disclosed with any third parties.   The uploading of this Order does not constitute a violation of the confidentiality of the agreement.

A violation of any provisions herein will subject the violating party to additional sanctions by this Court after notice and a hearing.

B.      The Order on Debtor's Amended Motion for Contempt against Hammocks Community Association, Inc., and it's President, Marglli Gallego, [ECF 191] dated December 6, 2019 states:

The Court takes judicial notice of the Order entered against Marglli Gallego against in her capacity as president of Hammocks Community Association Inc., dated December 4, 2018, [ECF 189].

Based upon the evidence presented, specifically from the witness, Doria Wosk, and the fact that the witness provided evidence that there was a physical threat made against the co-debtor, Leticia Cepero, and to prevent any further altercations between Ms. Gallego in her individual capacity, which is an addition to the Order entered against her in her capacity as the President of Hammocks Community Association, Inc., Ms. Gallego shall refrain from any further contact with the Debtors, Josue and Leticia Cepero, during the bankruptcy, and until such time as the bankruptcy has been discharged and/or dismissed.

During such time, there shall be no communication from, Marglli Gallego, individually, or in her capacity as the president of the Hammocks Community Association Inc., with reference to the bankruptcy filed by Josue and Leticia Cepero, the Debtors' debts, the Debtors' creditors or any other business relationships the Debtors may have relating to the Bankruptcy. This includes a prohibition against Marglli Gallego, individually, to approach the Debtors,  to communicate with or about the debtors, in person, or in writing, or with any other Association members, including but not limited to, from communicating to anyone regarding any matter relating to the bankruptcy, the Debtors' failure to pay maintenance payments, or any other financial matters of the Debtors.

5.      On May 15, 2019, Marglli Gallego confronted the debtors by blocking their car with a condominium association vehicle while they were visiting another property in the Association.

6.      Marglli Gallego began yelling at the Debtors and called the police after blocking the debtor's car into a parking spot with a condominium association vehicle.

7.      A police report was filed and Marglli Gallego filed a request for injunctive relief against the Debtors claiming that the Debtors hit her with their car. Attached is a copy of the police report and a copy of the Petition for injunctive relief filed in State Court against *Marglli Gallego v. Josue Cepero, case number 2019-011650-FC0–04*, in the Circuit Court of the 11th Judicial Court, in and for Miami-Dade County, Florida. There was no claim on the police report by Ms. Gallego that she was injured in any way by my clients.  Ultimately, on or about September 10, 2019, Ms. Gallego filed a voluntary dismissal against the Debtors in State Court from injunctive relief.

8.      The Debtors were visiting Maria Alonso, the president of a different condominium association when Ms. Gallego parked in a condominium Association vehicle behind the car blocking them in.

4

A witness, Maria Alonso witnessed Marglli Gallego parke behind the Debtors, who were legally parked.  Ms. Gallego got out of the car and started screaming at the Debtors.  The witness, Ms. Alonso, saw the entire incident.  There was no injury to any party.  Attached to this Motion is a sworn affidavit from Maria Alonso.

9.    Additionally, sometime in mid August of 2019, the Association passed out a form to the residents of the entire Association regarding tree trimming. In this form, the Association stated "WE know that in Pelican Point there are residents spreading false rumors about the Association. Those residents are Leticia Cepero, Josue Cepero, Alicia Paz and others who are spreading these false rumors for personal reasons and gains. Their purpose is to confuse the community in a negative manner. Attached you will find a copy of the Court documents showing that there is a restraining order against the Cepero's since they attacked the board president on many occasions and the last occurrence was when they followed her to her son's school for malicious reasons with under aged children involved." Ms. Gallego also attached an arrest record of the debtor, Josue Cepero, from June 23, 1993, as well as the cover sheet for the temporary injunction for protection against stalking violence/extension. This is in direct violation of this court's orders dated December 3, 2018, [ECF 189] and December 6, 2018, [ECF 191].  Attached hereto and made a part of is the letter received by all the residents of the Association, as well as the cover sheet for the temporary injunction for protection against stalking violence/extension and the Miami-Dade criminal record for Josue Cepero, *case number F-93-020400.*

10.    The Debtors were forced to hire an attorney as State Court counsel to defend against the lawsuit filed by Ms. Gallego and the Debtors spent $2,500.00 for attorney fees.  Additionally, the debtors, specifically the co-debtor, has suffered severe emotional stress due to the fact that Ms. Gallego continues to violate these Courts Orders and harass the Debtors by slandering them i.e., criminal records, which was

dismissed within 2 weeks of arrest and saying that the Debtors attacked Ms. Gallego and minor children. The Debtors have also incurred attorney fees for the filing of this Motion, as well as costs incurred in prosecuting their case.

11.    Further, undersigned received a letter from the Trustee, Nancy Neidich, advising undersigned that the creditor, Hammocks Community Association Inc., checks are being returned to the Trustee as undeliverable.

WHEREFORE, the Debtors request this Court hold Marglli Gallego and the Hammocks Community Association Inc., in contempt for their willful violation of this Court's prior orders, [ECF 189 and 191], and requests that Marglli Gallego and The Association be sanctioned for attorney fees, reimbursement of costs, including, but not limited to, the prosecution of this matter, as well as the State Court matter, as well as punitive damages against Marglli Gallego and The Association for their wilful violation of these Court's prior Orders and for emotional distress.  The Debtors also request an Evidentiary hearing.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was sent by email to Nancy Neidich, Trustee at e2c8f01@ch13herkert.com, Carlos Rodriguez, counsel for Hammocks Community at crodriguez@mellawyers.com and those set forth in the NEF, this 17th day of September 2019 and this Motion and an upcoming Notice of Hearing will be served on a separate Certificate of Service via email to those set forth in the NEF and by regular mail to Hammocks Community Association Inc., 9020 Hammocks Blvd, Miami, FL 33196-1301, Hammocks Community Association Inc., Attn: Marglli Gallego, President, 9020 Hammocks Blvd, Miami, FL 33196, Alfaro & Fernandez, P.A., Registered Agent of Hammocks Community Association Inc., 5801 Northwest 151 Street, Suite 305, Miami Lakes, FL 33014.

Law Offices of Michael J. Brooks, Michael A Frank
& Rodolfo H. De La Guardia, Jr.
Attorneys for the Debtor
Suite 620 •
10 Northwest LeJeune Road
Miami, FL 33126
Telephone (305) 443-4217
Email- Pleadings@bkclawmiami.com
By    /s/    Michael J. Brooks
    Michael J. Brooks
    Florida Bar No. 434442