UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

JOSUE CEPERO and
LETICIA CEPERO
        Debtors.
_____/

CASE NO. 17-20358-LMI
CHAPTER 13

## HAMMOCKS COMMUNITY ASSOCIATION, INC. and MARGLLI GALLEGO MOTION IN LIMINE TO EXCLUDE EXPERT OPINION TESTIMONY OF POLICE OFFICER L.J. COBO

Hammocks Community Association, Inc. (hereinafter "Association") and Marglli Gallego (hereinafter "Gallego") respectfully request that this Court exclude from evidence any improper opinion testimony from Police Officer L.J. Cobo. Although Debtors explicitly identified Police Officer L.J. Cobo as a fact witness, the witness testimony summary submitted in Debtors' Witness List describes Officer Cobo as providing expert opinion testimony as to the "instigator of the incident" in violation of the Federal Rules of Evidence. Admitting this improper testimony, would allow Debtor to offer an expert in "lay witness clothing" and thus evade the evidentiary requirements for expert witnesses.

### BACKGROUND

On September 17, 2019, Debtors filed a Motion for Contempt against the Association and Gallego alleging violation of this Courts Orders as follows:

A. That Gallego improperly contacted the Debtors on May 15, 2019 violating this Courts Order against contact, and

1

B. That the Association violated this Court's Order by sending out correspondence alleging that Debtors were spreading false rumors.

The Debtors allege that on May 15, 2019, Gallego "confronted" the debtors and blocked their car while they were "visiting another property in the Association." At some time thereafter, police were called and arrived on the scene. Gallego alleges that she had been followed by the Debtors from her son's school all the way to the parking lot of her home.

## ARGUMENT

Any attempt by Officer Cobo to offer opinion testimony as to the "instigator" of the event of May 15, 2019 is expert witness opinion testimony under the guise of fact witness testimony in violation of Federal Rule of Evidence 701. Any such opinion testimony should be excluded by this Court.

Federal Rule of Evidence 701 bar fact witnesses from offering opinion testimony unless it is "(a) rationally based on the witness's perception, (b) helpful to clearly understanding the witness's testimony or to determine a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." This Rule ensures that the evidentiary requirements for expert witnesses will not be "evaded through the simple expedient of proffering an expert in lay witness clothing." *United States v. Wilson,* 605 F. 3d 985, 1025 (D.C. Cir 2010)(citing Fed. R. Evid. 701 Adv. Comm. Notes to 2000 Amendments). The "distinction between lay and expert witness testimony it that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field." *Unites States v. Yanet Sosa*, 513 F. 3d 194, 200 (5th Cir. 2008)(quoting Fed. R. Evid. 701 Adv. Comm. Notes)(internal quotation marks omitted). "Unlike experts, lay

2

witnesses must base their testimony on their experiential 'perception' and not on 'scientific, technical, or other specialized knowledge within the scope of Rule 702.'" *Wilson,* 605 F. 3d at 1025 (citing Fed. R. Evid. 701(a), (c)). "A lay witness who is not qualified as an expert may not give opinions that are based on his or her specialized knowledge, even if those opinions were also based on his or her personal knowledge." *Armenian Assembly of Am., Inc. v. Cafesjian, 746 F. Supp. 2d 55, 65 (D.D.C. 2010).*

Any statements by Officer Cobo offering to give an opinion as to what transpired on May 15, 2019 prior to his arrival are based on scientific, technical, or other specialized knowledge within the scope of Rule 702, and thus their inclusion in the declaration of a fact witness violates Rule 701, rendering them inadmissible.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court exclude from evidence any improper opinion testimony from Police Officer L.J. Cobo.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was transmitted to the parties listed below via electronic correspondence on this 25th day of February 2020:

Michael J. Brooks, Esq. and Michael A. Frank, Esq., Attorneys for Debtors, Law Offices of Michael J. Brooks, Michael A. Frank Y Rodolfo H. De La Guardia, Jr., 10 NW Lejeune Rd., Ste. 620, Miami, FL  33126. Pleadings@bkclawmiami.com

                        LAW OFFICES OF MIGUEL PARLADÉ, P.A.
                        Attorney for the Creditor
                        P.O. Box 771747
                        Miami, Florida 33177
                        Telephone: (305) 235-9040

                        By:   /s  Miguel Parlade
                        MIGUEL PARLADÉ, ESQ.
                        FL BAR NO.: 0388068