## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In Re:

JOSUE CEPERO and
LETICIA CEPERO

     Debtor(s)  /

Case Number: 17-20358-LMI
Chapter 13

## MARGLLI GALLEGO and HAMMOCKS COMMUNITY ASSOCIATIONS' RESPONSE TO DEBTORS' MOTION TO SUPPLEMENT MOTION FOR CONTEMPT (D.E. 267), DEBTORS' MOTION TO REOPEN DIRECT EXAMINATION (D.E. 281), and DEBTORS' MOTION TO SUPPLEMENT WITNESS LIST (D.E. 280)

COMES NOW, Marglli Gallego (hereinafter "Gallego") and Hammocks Community Association (hereinafter "Association"), by and through the undersigned, and hereby submit this Response to Debtors' Motion to Reopen Direct Examination (D.E. 281), Debtors' Motion to Supplement Witness List (D.E. 280), and Debtors' Motion to Supplement Motion for Contempt (D.E. 267) and as grounds hereby states as follows:

### I. Statement of Facts

1. The matter at bar concerns a Motion for Contempt filed by Debtors against Marglli Gallego and Hammocks Community Association on September 17, 2019 (D.E. 199).

2. After discovery was conducted, this matter came before this Court on evidentiary hearing on February 6, 2020.

3. On February 6, 2020, Debtors' counsel presented their case in chief and rested after their final witness was called. Thereupon, the undersigned counsel began the case in chief and presented one witness before the day concluded.

4. This Court instructed that a subsequent day would be scheduled for the undersigned to finish his case in chief and for the debtors to call rebuttal witnesses.

5. In the interim of this scheduling, the Covid 19 pandemic disrupted life as we know it and delayed the scheduling of this matter.

6. On December 21, 2020, this Court held a status conference and all parties agreed that it would be best to proceed via remote witness testimony in order to conclude this matter.

7. Shortly thereafter, the parties agreed that the matter be concluded within a two-day virtual hearing to be conducted on February 11, 2021 and February 12, 2021.

8. On December 29, 2020, Debtors filed the aforementioned motions to Reopen Direct Examination and to Supplement their Witness List.

9. These motions pray that this court allow a new witness as well as reopening the case in chief to add evidence.

10. On December 21, 2020, the attorney who covered the status conference for Debtors' counsel brought up to this Court that Debtors had filed a copy of a new lawsuit filed by Association against Leticia Cepero.

11. He informed the Court, via Ore Tenus motion, that the Debtors wished to supplement their Motion for Contempt.

12. Thereafter, the undersigned informed this Court that the lawsuit was filed erroneously and was promptly voluntarily dismissed.

13. This Court stated on the record that the new lawsuit filed against Leticia Cepero is a "new matter" and that leave to amend the existing Motion for Contempt would not be allowed.

## II. Applicable Law

14. Federal Rule of Evidence 611 requires a trial judge to "exercise reasonable control over the mode and order" of witness interrogation and evidence presentation. *See also Fed. R. Bank. Proc. 9017.*

15. A litigant must disclose the information and witnesses that it "may use to support its claims or defenses." *Fed. R. Civ. P. 26(a)(1)(A)(i). See also Fed. R. Bank. Proc. 7026.*

16. "The purpose of Rule 26(a) is to allow the parties to adequately prepare their cases for trial and to avoid unfair surprise." *Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 396 (4th Cir. 2014).*

17. A party must also supplement its disclosures if it obtains new information, "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Fed. R. Civ. P. 26(e)(1)(A).*

18. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . at trial, unless the failure was substantially justified or is harmless." *Fed. R. Civ. P. 37(c)(1).*

### III. <u>Argument</u>

19. Debtors are seeking to introduce new witnesses almost one year after they completed their case in chief and after discovery has been completed.

20. This new witness has never been disclosed/identified in discovery responses and the Association and Gallego would be prejudiced if the new witness is allowed and if Direct Examination is to be reopened.

21. Their can be no substantial justification in waiting for almost one year after the completion of the first day of trial and for less than month before the scheduled continuation of this trial to now request the addition of a new witness/new evidence.

22. Debtors' Counsel is attempting to reinforce their case while depriving the Association and Gallego of their procedural due process.

23. Further, this Court already stated on December 21, 2020 that the lawsuit filed on November 30, 2020 was a "new matter" and amending/supplementing the existing motion at bar would not be allowed.

WHEREFORE, Debtors respectfully requests this Court order the following:

i) Deny Debtors' Motion to Supplement Motion for Contempt (D.E. 267),

ii) Deny Debtors' Motion to Reopen Direct Examination (D.E. 281),

iii) Deny Debtors' Motion to Supplement Witness List (D.E. 280), and

iv) Such other relief as the Court deems just and necessary.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was transmitted to the parties listed below via electronic delivery on this 6th day of January 2021:

Michael J. Brooks, Esq. on behalf of Debtors; pleadings@bankruptcynow.com, mbrooks@bankruptcynow.com;brooks.michaelr100502@notify.bestcase.com

David E. Hicks, Esq. on behalf of Creditor JPMorgan Chase Bank, N.A.
tbyington@kelleykronenberg.com

Nancy K. Neidich
e2c8f01@ch13miami.com, ecf2@ch13miami.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Steven G. Powrozek, Esq. on behalf of Creditor Wells Fargo Bank, NA.
spowrozek@logs.com, LOGSECF@logs.com

Lindsey Savastano on behalf of Creditor Wells Fargo Bank, NA.
LSavastano@flwlaw.com, NJackson@flwlaw.com

/s/ Miguel Parlade
Miguel Parlade, Esq.
Fla. Bar. 388068
Attorney for Marglli Gallego and
Hammock Community Association
P.O. Box 771747
Miami, FL  33177
(305) 235-9040