## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. _____

MARGLLI GALLEGO, a resident of
the State of Florida, and HAMMOCKS
COMMUNITY ASSOCIATION, INC,
a non-profit corporation,

        Plaintiffs,

v.

LETICIA CEPERO, a resident of the
State of Florida,

        Defendant.
_____/

## COMPLAINT

Plaintiffs, MARGLLI GALLEGO and HAMMOCKS COMMUNITY ASSOCIATION, INC., bring this action against Defendant, LETICIA CEPERO, and allege the following:

### PARTIES, JURISDICTION, AND VENUE

1. This is a defamation action for damages in excess of $30,000, exclusive of interest, costs and attorney's fees.

2. Plaintiff, MARGLLI GALLEGO ("Ms. Gallego"), is a resident of Miami-Dade County, Florida and the Board President of the HAMMOCKS COMMUNITY ASSOCIATION, INC.

3. Plaintiff, HAMMOCKS COMMUNITY ASSOCIATION, INC., is a non-profit corporation organized under the laws of the State of Florida, with its principal place of business in Miami-Dade County, Florida.

4. Ms. Gallego owns a residence inside the Hammocks Community Association, Inc. and is the President of its Board of Directors.

5. Defendant, LETICIA CEPERO ("Ms. Cepero"), is a resident of the State of Florida and owns a residence located within the Hammocks Community Association, Inc.

6. Venue is proper because all of the events described below giving rise to the claim occurred in Miami-Dade County, Florida. Furthermore, all of the business dealings by Hammocks Community Association, Inc. and Ms. Gallego occurred in Miami-Dade County, Florida.

## **GENERAL ALLEGATIONS**

7. Ms. Gallego is an owner of a condominium unit located in a residential community named "Heron at the Hammocks," which is part of a larger master association named Hammocks Community Association, Inc.

8. Hammocks Community Association, Inc. has 44 subordinate associations, including Heron at the Hammocks.

9. Hammocks Community Association, Inc. is responsible for maintaining the land, sidewalks, gates, and streets, amongst other things, of all 44 subordinate associations.

10. Hammocks Community Association, Inc. is also responsible for managing 18 of the individual associations located in the master association.

11. In total, Hammocks Community Association, Inc. maintains over 3,500 acres of land in Miami-Dade County.

12. Hammock Community Association, Inc. is the largest residential association in South Florida.

13. Ms. Gallego has been a Board Member of Hammocks Community Association, Inc., since 2015.

14. Ms. Gallego served as Treasurer from 2015 through 2017, and as Board President from 2018 to the present day.

15. Ms. Gallego spent years refining her reputation as a trusted member of the Board.

16. Ms. Gallego's experience as the Board President of the Hammocks Community Association, Inc. has allowed her to expand her level of expertise in directing large associations.

17. Leticia Cepero also owns a condominium unit in Heron at the Hammocks, which again, is one of the subordinate association in Hammocks Community Association, Inc.

18. Ms. Cepero has made false and defamatory statements over the last four years (at a minimum) about Ms. Gallego, solely to tarnish Ms. Gallego's reputation as a trusted Board Member of Hammocks Community Association, Inc.

19. Furthermore, between 2018 and 2020, Ms. Cepero repeatedly made the following false and defamatory statement about Ms. Gallego:

   a. While walking door-to-door, Ms. Cepero told several unit owners that Ms. Gallego was stealing money from Hammocks Community Association, Inc.

   b. Ms. Cepero told unit owners that Ms. Gallego was committing ballot fraud during the association elections.

   c. Ms. Cepero even went so far to compare Ms. Gallego to Griselda Blanco, the well-known Colombian drug trafficker.[1]

---

[1] It is important to note that Ms. Gallego is Colombian and spent a significant portion of her childhood in Colombia.

3

d. Ms. Cepero told employees of Hammocks Community Association, Inc. that Ms. Gallego was trained by Colombian Guerillas and the FARC.[2]

20. Ms. Cepero also told unit owners that a woman employee from the Hammocks Community Association, Inc. sent her (Ms. Cepero) 30 falsified checks, which is untrue.

21. Ms. Cepero has held signs up in front of community office stated that Ms. Gallego was stealing money, which again, is false.

22. In the months leading up to 2020 board election of Hammocks Community Association, Inc., Ms. Cepero maliciously and repeatedly made false and defamatory statements to several property owners, which were intended to imply that employees and board members of Hammocks Community Association, Inc. committed election fraud.

23. Ms. Cepero's false and defamatory statement were designed to tarnish the reputation of Ms. Gallego and Hammocks Community Association, Inc.

24. Ms. Cepero made these statements in bad faith and with a malicious purpose.

---

[2] The Revolutionary Armed Forces of Colombia—People's Army (Spanish: *Fuerzas Armadas Revolucionarias de Colombia—Ejército del Pueblo*, FARC–EP and FARC) was a guerrilla group involved in the continuing Colombian conflict starting in 1964. They were known to employ a variety of military tactics in addition to more unconventional methods, including terrorism. The FARC–EP was formed during the Cold War period as a Marxist–Leninist peasant force promoting a political line of agrarianism and anti-imperialism. The operations of the FARC–EP were funded by kidnap and ransom, illegal mining, extortion and taxation of various forms of economic activity, and the production and distribution of illegal drugs. The United Nations has estimated that 12% of all civilians deaths in the Colombian conflict were committed by FARC and National Liberation Army (ELN) guerrillas, with 80% committed by right-wing paramilitaries, and the remaining 8% committed by Colombian security forces.
See *https://en.wikipedia.org/wiki/Revolutionary_Armed_Forces_of_Colombia.*

4

25. Ms. Cepero's false and defamatory statements interfered in the business relationship that Hammocks Community Association, Inc. has with its property owners, vendors, and contractors.

26. Ms. Cepero's false and defamatory statements interfered in the business relationship that Ms. Gallego had with property owners, vendors, and contractors of Hammocks Community Association, Inc.

27. For instance, based upon Ms. Cepero's false, malicious, and defamatory statements, the police opened an investigation into Hammocks Community Association, Inc. and Ms. Gallego, which has been ongoing for the past four years.

28. Although nothing has been found, nor does anything exist, to substantiate Ms. Cepero's false and malicious claims, police officers have repeated harassed employees, contractors, and vendors of Hammocks Community Association, Inc.

29. Many qualified contractors and vendors now refuse to do business with the Hammocks Community Association, Inc. and/or Ms. Gallego.

30. Furthermore, several employees have resigned from the constant harassment.

31. The Hammocks Community Association, Inc. has been forced to pay contractors and vendors at a rate higher than market rate because of the actions of Ms. Cepero.

32. Hammocks Community Association, Inc. has also been forced to hire counsel to protect the reputation of it and its board members.

33. The actions of Ms. Cepero damaged the reputation of Ms. Gallego, both individually, and in her capacity as President of the Board of Hammocks Community Association, Inc.

34. Additionally, the actions of Ms. Cepero damaged the reputation of the Hammocks Community Association, Inc.

## COUNT I

## DEFAMATION – LETICIA CEPERO DEFAMED MS. GALLEGO

35. Plaintiff, Marglli Gallego, sues Defendant, Leticia Cepero for Defamation and re-alleges Paragraphs 1 through 34.

36. Leticia Cepero maliciously made the false and defamatory statements about Ms. Gallego in bad faith as set forth above.

37. The Statements, either as a result of the actual words used or the implications of the words used and the context in which they were placed, were maliciously intended by Leticia Cepero to be understood by those whom they were made to have the following defamatory meanings and implications:

   i. That Ms. Gallego committed election fraud in 2018 and 2020;

   ii. That Ms. Gallego was stealing money from Hammocks Community Association, Inc.;

   iii. That Ms. Gallego was a criminal, thug, drug trafficker, who was connected to a criminal or terrorist organization.

38. Each of the Statements, and the defamatory meanings and implications of those Statements set forth above, constitute false and defamatory statements of fact made by Leticia Cepero which are concerning to Ms. Gallego.

39. The Statements are provable as being false, and impute conduct, which is incompatible with Ms. Gallego's business in maintaining her professional reputation as President of the Hammocks Community Association, Inc., and her individual reputation.

6

40. The Statements has caused thousands of dollars of harm to Ms. Gallego's business relationships, future business prospects, and reputation.

41. Such damage was a reasonably foreseeable consequence of the defamatory statements.

42. Leticia Cepero made those Statements in bad-faith with a malicious intent.

43. As a proximate result, Ms. Gallego has suffered actual damages, including, but not limited to, pecuniary loss and substantial injury to her reputation.

WHEREFORE, Plaintiff, Marglli Gallego, demands judgment in her favor against Leticia Cepero for money damages, pre- and post-judgment interest, punitive damages, attorney's fees, and such other relief as this Court may deem appropriate.

## COUNT II

### DEFAMATION – LETICIA CEPERO DEFAMED HAMMOCKS COMMUNITY ASSOCATION, INC.

Plaintiff, Hammocks Community Association, Inc. sues Defendant, Leticia Cepero for Defamation, and re-alleges Paragraphs 1 through 34, and states:

44. Leticia Cepero maliciously made the false and defamatory statements about Hammocks Community Association, Inc. in bad faith as set forth above.

45. The Statements, either as a result of the actual words used or the implications of the words used and the context in which they were placed, were maliciously intended by Leticia Cepero to be understood by those whom they were made to have the following defamatory meanings and implications:

   i. That employees and Board Members of the Hammocks Community Association, Inc. committed election fraud in 2018 and 2020;

7

    ii.  That Hammocks Community Association, Inc. is allowing Ms. Gallego to misappropriate and steal funds;

    iii.  That board members of Hammocks Community Association, Inc. misappropriated and stole funds for their own personal benefit;

46. Each of the Statements, and the defamatory meanings and implications of those Statements set forth above, constitute false and defamatory statements of fact made by Leticia Cepero which are concerning to Hammocks Community Association, Inc.

47. The Statements are provable as being false, and impute conduct, which is incompatible with Hammocks Community Association, Inc. business in maintaining its reputation as a professional community association and non-profit corporation.

48. The Statements has caused thousands of dollars of harm to Hammocks Community Association, Inc.'s business relationships, future business prospects, and reputation.

49. Such damage was a reasonably foreseeable consequence of the defamatory statements.

50. Leticia Cepero made those Statements in bad-faith with a malicious intent.

51. As a proximate result, Hammocks Community Association, Inc. has suffered actual damages, including, but not limited to, pecuniary loss and substantial injury to its reputation.

52. WHEREFORE, Plaintiff, Hammocks Community Association, Inc., demands judgment in its favor against Leticia Cepero for money damages, pre- and post-judgment interest, punitive damages, attorney's fees, and such other relief as this Court may deem appropriate.

## COUNT III

## TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP

Plaintiff, Hammocks Community Association, Inc., sues Defendant, Leticia Cepero, for Tortious Interference with a Business Relationship and repeats and re-alleges Paragraphs 1 through 34, and states:

53. Hammocks Community Association, Inc. had an advantageous and/or contractual business relationship with several contractors and vendors.

54. Leticia Cepero knew about the relationship between Hammocks Community Association, Inc. and those contractors and vendors.

55. Leticia Cepero intentionally and unjustly interfered with or otherwise disrupted the business relationships.

56. Hammocks Community Association, Inc. suffered damages as a direct result of Leticia Cepero's actions.

57. Hammocks Community Association, Inc. was required to hire substitute contractors at a higher price as a direct result of Leticia Cepero maliciously spreading false rumors about Hammocks Community Association, Inc., which caused some contractors to terminate their contracts with Hammocks Community Association, Inc.

58. Leticia Cepero was acting in bad faith or with a malicious purpose.

WHEREFORE, Hammocks Community Association, Inc. demands judgment in its favor and against Leticia Cepero for money damages, pre- and post-judgment interest, punitive damages, attorney's fees, and such other relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable as of right by a jury.

        Respectfully Submitted,

        RASCO KLOCK PEREZ NIETO
        *Counsel for Plaintiffs Marglli Gallego and*
        *Hammocks Community Association, Inc.*
        2555 Ponce de Leon Blvd., Suite 600
        Coral Gables, Florida 33134
        Phone: 305.476.7100
        Fax:    305.476.7102
        hnapoleon@rascoklock.com

By:   /s/ *Hilton Napoleon, II*
        Hilton Napoleon, II
        Fla. Bar No. 17593

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable as of right by a jury.

    Respectfully Submitted,

    RASCO KLOCK PEREZ NIETO
*Counsel for Plaintiffs Marglli Gallego and Hammocks Community Association, Inc.*
2555 Ponce de Leon Blvd., Suite 600
Coral Gables, Florida 33134
Phone: 305.476.7100
Fax:   305.476.7102
hnapoleon@rascoklock.com

By:  /s/ *Hilton Napoleon, II*
    Hilton Napoleon, II
    Fla. Bar No. 17593