**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In Re:  Case Number: 17-20358-LMI
  Chapter 13
JOSUE CEPERO and
LETICIA CEPERO

_____ Debtor(s) _____/

## JOINT STIPULATION OF UNCONTESTED FACTS

In accordance with the Order Setting Specially Setting Evidentiary Hearing and Disclosure Requirements for Trial, the creditor, Hammocks Community Association, Inc., and the Debtors, Josue and Leticia Cepero, hereby stipulate to the following facts in anticipation of the final evidentiary hearing on the Debtors' Motion for Contempt against Hammocks Community Association, Inc., and it's President, Marglli Gallego, for failure to abide by this Court's Agreed Order dated December 3, 2019, [ECF 189] and this Court's Order dated December 6, 2018 [ECF 191] on the Debtors' Amended Motion for Contempt against Hammocks Community Association, Inc., and it's President, Marglli Gallego [ECF 289]:

1. Debtors, Josue and Leticia Cepero, filed a voluntary Petition for Relief under 11 U.S.C., Chapter 13 on August 16, 2017.

2. The Debtors own homestead property located at 9541 SW 148th Place, Miami, FL  33196.

3. Creditor, Hammocks Community Association, Inc., filed a secured claim, claim number 7 on October 3, 2017, in the amount of $12, 502.01.

4. Pursuant to the Debtor confirmed Fourth Modified Chapter 13 Plan [ECF 219], the plan cures the arrearage and pays the Debtor's regular monthly maintenance payments to the creditor, Hammocks Community Association, Inc.

5. Pursuant to the Orders entered by this Court, after evidence presented and upon hearing;

A. The Agreed Order on Debtor's Amended Motion for Contempt against Hammocks Community Association Inc., and it's President, Marglli Gallego [ECF 189], dated December 3, 2018, paragraph 2, states "Hammocks Community Association, Inc., and it's President, Marglli Gallego shall refrain from any further contact with the Debtors, Josue and Leticia Cepero, during the bankruptcy and until such time as the bankruptcy has been discharged and/or dismissed.  During such time, there shall be no communication from any representative with Hammocks Community Hammocks Community Association, Inc., and its President, Marglli Gallego shall refrain from any further contact with the Debtors, Josue and Leticia Cepero, during the bankruptcy and until such time as the bankruptcy has been discharged and/or dismissed. During such time, there shall be no communication from any representative with Hammocks Community Association, Inc., and/or its President, Marglli Gallego, and either her individually, or her capacity of her representative of the Association, with reference to the bankruptcy filed by Josue and Leticia Cepero, the Debtors' debts, the Debtors' creditors or any other business relationships the Debtors may have relating to the Bankruptcy. This includes a prohibition against Hammocks Community Association, Inc., and/or its President, Marglli Gallego, to communicate with or about the debtors, in person, or in writing, or with any other Association members, including but not limited to, from communicating to anyone regarding any matter relating to the bankruptcy, the Debtors' failure to pay maintenance payments, or any other financial matters of the Debtors.'

B. Paragraph 5 of the Agreed Order, supra, states "Notwithstanding Debtors rights as condominium association owners, Debtors shall refrain from any further contact with the Hammock Community Association, Inc's President, Marglli Gallego during or immediately

      following Association board meetings; and shall direct any formal communication with Mrs. Gallego in her capacity as the President of the Association in writing."

C.      Paragraph 7 of the Agreed Order, supra, states "A violation of any provisions herein will subject the violating party to additional sanctions by this Court after notice and a hearing."

D.      On December 6, 2019, this Court issued an Order on Debtor's Amended Motion for Contempt against Hammocks Community Association, Inc., and its President, Marglli Gallego, [ECF 191] and by taking judicial notice of the prior Order entered against Marglli Gallego in her capacity as President of Hammocks Community Association, Inc. thereby extended the proscription on Marglli Gallego, individually, and this Court stated, "Ms. Gallego shall refrain from any further contact with the Debtors, Josue and Leticia Cepero, during the bankruptcy, and until such time as the bankruptcy has been discharged and/or dismissed."

E.      The Court further noted in paragraph 3, supra, "During such time, there shall be no communication from, Marglli Gallego, individually, or in her capacity as the president of the Hammocks Community Association Inc., with reference to the bankruptcy filed by Josue and Leticia Cepero, the Debtors' debts, the Debtors' creditors or any other business relationships the Debtors may have relating to the Bankruptcy. This includes a prohibition against Marglli Gallego, individually, to approach the Debtors, to communicate with or about the debtors, in person, or in writing, or with any other Association members, including but not limited to, from communicating to anyone regarding any matter relating to the bankruptcy, the Debtors' failure to pay maintenance payments, or any other financial matters of the Debtors."

6. On or around May 15, 2019 there was an altercation between Marglli Gallego and the

Debtors in the parking lot at the Heron at the Hammocks Condominium Association, Inc.

7. On November 30, 2020, Marglli Cepero and the Hammocks Community Association filed a complaint in state court against Leticia Cepero for Defamation and Tortious Interference with a business relationship, Case No. 2020-025552-CA-01 (ECF 294).

8. On December 2, 2020, counsel for the debtors filed a suggestion of bankruptcy in that case.

9. On December 10, 2020, the lawsuit was voluntarily dismissed by Marglli Cepero and the Hammocks Community Association.

**UNRESOLVED ISSUES**

10. The parties have not agreed on the facts of the altercation between the debtors and Marglli Gallego that occurred on May 15, 2019.

11. The Debtors contend that Ms. Gallego approached them in the parking lot and blocked the Debtors' vehicle. Ms. Gallego contends that the Debtors had followed her earlier to her son's school, Herbert Ammons Magnet School, and then showed up at the parking lot adjacent to her unit. At issue is whether Marglli Gallego and/or Hammocks Community Association Inc., violated this Court's Orders [ECF 189 and ECF 191] prohibiting contact with the Debtors, or whether the Debtors initiated the contact.

12. The Debtors contend that the filing of the state lawsuit violated this Court's Orders [ECF 189 and ECF 191] prohibiting contact with the Debtors. Marglli Gallego and Hammocks Community Association Inc. allege that the filing of the lawsuit was a mistake that was quickly rectified upon the filing of the Suggestion of Bankruptcy by Debtors' counsel.

13. The Debtors also seek to introduce a Letter sent out by the Hammocks Board of Directors on or about August of 2019 (see Petitioner's Exhibit No. 13) stating that "we know that in Pelican Point there are residents spreading false rumors about the Association. Those

residents are Leticia Cepero, Josue Cepero, Alicia Paz and others who are spreading false rumors for personal reasons and gains." Debtors have not laid the foundation for the introduction of this Exhibit. Hammocks Community Association, Inc. contends that the communication does not contain any allegations regarding the Debtor's debts, creditors, or any other matter relating to the Debtor's bankruptcy. At issue is whether Hammocks Community Association violated this Court's Orders (ECF 189 and 191] by relaying this letter.

We, Miguel F. Parlade, counsel for the Creditor and Marglli Gallego, individually, and Michael Brooks, counsel for the Debtors, certify that we met to discuss settlement and that a good faith settlement attempt has been made.

| | |
|---|---|
| /s/ Miguel Parlade | /s/ Michael J. Brooks |
| Miguel Parlade, Esq. | Michael J. Brooks, Esq. |
| Fla. Bar. 388068 | Fla. Bar. 434442 |
| Attorney for Marglli Gallego and | GBHB d/b/a Bankruptcynow |
| Hammock Community Association | Attorneys for the Debtor |
| P.O. Box 771747 | 8310 SW 40 Street |
| Miami, FL 33177 | Miami, FL 33155 |
| Telephone (305) 235-9040 | Telephone (888) 811-8989 |
| Email – parladelaw@gmail.com | Email- mbrooks@bankruptcynow |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was transmitted to the parties listed below via electronic delivery on this 1st day of February 2021:

Michael J. Brooks, Esq. on behalf of Debtors; pleadings@bankruptcynow.com, mbrooks@bankruptcynow.com;brooks.michaelr100502@notify.bestcase.com

David E. Hicks, Esq. on behalf of Creditor JPMorgan Chase Bank, N.A.
tbyington@kelleykronenberg.com

Nancy K. Neidich
e2c8f01@ch13miami.com, ecf2@ch13miami.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Steven G. Powrozek, Esq. on behalf of Creditor Wells Fargo Bank, NA.
spowrozek@logs.com, LOGSECF@logs.com

Lindsey Savastano on behalf of Creditor Wells Fargo Bank, NA.
LSavastano@flwlaw.com, NJackson@flwlaw.com

/s/ Miguel Parlade
Miguel Parlade, Esq.
Fla. Bar. 388068
Attorney for Marglli Gallego and
Hammock Community Association
P.O. Box 771747
Miami, FL  33177
(305) 235-9040