UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

JOSUE CEPERO and
LETICIA CEPERO

Debtors.
_____/

CASE NO. 17-20358-LMI
CHAPTER 13

REQUESTS FOR ADMISSIONS

PROPOUNDING PARTY: HAMMOCKS COMMUNITY ASSOCIATION, INC.

RESPONDING PARTY: JOSUE CEPERO AND LETICIA CEPERO

Pursuant to Fed. R. Civ. P. 33, 34, and 36, made applicable to this proceeding pursuant to Rules 7033, 7034, 7036 and 9014 of the Fed. R. Bankr. P., and the Order Specially Setting Evidentiary Hearing (D.E. 217); Hammocks Community Association Inc. (hereinafter "Association") hereby requests that Debtors, Josue Cepero and Leticia Cepero, prepare and file answers, separately and fully, in writing and under oath, to these discovery requests and serve a copy of such answers upon the attorneys for the Association by February 12, 2020, as instructed by paragraph three (3) of this Court's Order Specially Setting Evidentiary Hearing.

## DEFINITIONS

1. As used herein, please note the terms "you", "your", "Debtor", and "Debtors" refers to Josue Cepero and/or Leticia Cepero, individually and collectively.

2. As used herein, the term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, government body, group of natural persons, or other entity.

1

3. As used herein, please note the term "Association" refers to Hammocks Community Association, Inc.

4. As used herein, please note the term "Heron" refers to Heron at the Hammocks Condominium Association.

5. As used herein, please not the term "Motion for Contempt" refers to "Debtor's Motion for Contempt against Hammocks Community Association, Inc., and its President, Marglli Gallego for failure to abide by this Court's Agreed Order dated December 3, 2018 (ECF 191) on the Debtor's Amended Motion for Contempt against Hammocks Community Asociation, Inc., and It's President, Marglli Gallego and request an evidentiary hearing" (D.E. 199).

6. As used herein, the term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, government body, group of natural persons, or other entity.

7. As used herein, the term "relates to" or "relating to" means referring to, concerning, documenting, responding to, containing, regarding, discussing, documenting, describing, reflecting, analyzing, constituting, disclosing, employing, defining, stating, explaining, summarizing, or in any way pertaining to.

8. As used herein, the terms "and" as well as "or" shall be construed both disjunctively and conjunctively so as to bring within the scope of each of these requests any information which otherwise might be construed to be outside the scope of any request.

9. The use of the singular form of any word includes the plural, and the use of the plural includes the singular.

on, Inc.

## INSTRUCTIONS

1. These requests are directed towards all information that is available to you, including information contained in your records and documents, or within information and documents within your custody and/or control. All answers to each request for admission shall specifically admit or deny each individual statement or set forth in detail the reasons why the statement cannot be admitted or denied.

2. Plaintiff has an ongoing duty to supplement answers to all requests for admissions if it becomes aware of new information not previously available.

## ADMISSIONS REQUESTED

1. Admit that Debtors own a home within the Hammocks community governed by the Hammocks Community Association, Inc.

2. Admit that Debtors reside at 9541 SW 148th Place, Miami, FL 33196.

3. Admit that Debtors are friends/acquaintances with Maria Alonso who is the President of Heron at the Hammocks Condominium Association, Inc.

4. Admit that Debtors are friends/acquaintances with Gail Sharp who is the Secretary of Heron.

5. Admit that Debtors are friends/acquaintances with multiple members of the Heron at the Hammocks Condominium Association, Inc.

6. Admit that you are aware that during 2018 Marglli Gallego took legal action against Heron to force that association to hold elections.

7. Admit that you are aware that Marglli Gallego succeeded in her legal actions against Heron and that the association was forced to hold elections for the officers of that association.

8. Admit that during the time Heron was sued by Marglli Gallego in order to compel elections, Maria Alonso was an officer of Heron.

9. Admit that during the time Heron was sued by Marglli Gallego in order to compel elections, Gail Sharp was an officer of Heron.

10. Admit that Debtors were sued by the Hammocks Community Association, Inc. during 2017 for various causes of action including Defamation and Libel.

11. Admit that the other Defendants of this lawsuit also included Maria Alonso and Gail Sharp.

12. Admit that you owned/drove a Honda Accord on May 15, 2019.

13. Admit that on May 15, 2019, at some time between 3:30 pm and 4:30 pm, you were within the immediate vicinity (half a mile or less) of Herbert Ammons Magnet School.

14. Admit that your presence in the vicinity of Herbert Ammons Magnet School was the result of your following Marglli Gallego at said date and time.

15. Admit that you followed Ms. Gallego at that date and time to harass her.

16. Admit that you have no children that attend Herbert Ammons Magnet School.

17. Admit that the motivation for this harassment was due to a Court Order issued May 10, 2019 that compelled Heron to conduct elections.

18. Admit that you took photographs and/or video of Marglli Gallego in front of Herbert Ammons Magnet School on May 15, 2019.

19. Admit that you took photographs and/or video of Marglli Gallego at some time on May 15, 2019.

20. Admit that you followed Marglli Gallego from Herbert Ammons Magnet School to the parking lot of her building within the Heron at the Hammocks Community on May 15, 2019.

21. Admit the Maria Alonso has an apartment in the same building where Ms. Gallego resides in the Heron at the Hammocks Community.

22. Admit that at some point in time your car was near the parking space designated for Marglli Gallego during the incident alleged in your Motion for Contempt that occurred or May 15, 2019.

23. Admit that at some point in time your car impeded and/or blocked Marglli Gallego from parking in her designated during the incident alleged in your Motion for Contempt that occurred on May 15, 2019.

24. Admit that you initiated contact with Marglli Gallego on May 15, 2019 for the purpose of harassing and/or intimidating Ms. Gallego.

25. Admit that the copy of the letter allegedly sent from the "Hammocks Board of Directors" (D.E. 199-5) that you provided as an exhibit to your Motion for Contempt was never provided directly to you by the Association.

26. Admit that the copy of the letter allegedly sent from the "Hammocks Board of Directors" (D.E. 199-5) that you provided as an exhibit to your Motion for Contempt does not reference your bankruptcy.

27. Admit that the copy of the letter allegedly sent from the "Hammocks Board of Directors" (D.E. 199-5) that you provided as an exhibit to your Motion for Contempt does not reference your debts.

28. Admit that the copy of the letter allegedly sent from the "Hammocks Board of Directors" (D.E. 199-5) that you provided as an exhibit to your Motion for Contempt does not reference your financial matters.

29. Admit that the copy of the letter allegedly sent from the "Hammocks Board of Directors" (D.E. 199-5) that you provided as an exhibit to your Motion for Contempt does not reference your homeowner's association maintenance payments.

30. Admit that the Motion for Contempt (D.E. 199) filed with this Court on September 17, 2019 is baseless and an attempt by to intimidate and harass Marglli Gallego.

Dated January 29, 2020

                                        LAW OFFICES OF MIGUEL PARLADÉ, P.A.
                                      Attorney for Hammocks Community Association
                                      P.O. Box 771747
                                      Miami, Florida 33177
                                      Telephone: (305) 235-9040

                                      By: _____
                                      MIGUEL PARLADÉ, ESQ.
                                      FL BAR NO.: 0388068