Filing # 65103210 E-Filed 12/07/2017 02:00:43 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY FLORIDA

GENERAL JURISDICTION DIVISION

HAMMOCKS COMMUNITY
ASSOCIATION, INCORPORATED,
a Florida corporation,

CASE NO.: 2017 - 027089 CA 01

Plaintiff,

v.

JOSUE CEPERO, LETICIA CEPERO,
MARIA ALONSO, GAIL P. SHARPE,
and YASSER MARTINEZ,

Defendants.
_____/

### AMENDED COMPLAINT

COMES NOW, Plaintiff, HAMMOCKS COMMUNITY ASSOCIATION INCORPORATED. (hereinafter referred to as "Plaintiff" and "Hammocks"), a Florida corporation, by and through its undersigned counsel, and sues Defendants, JOSUE CEPERO, LETICIA CEPERO, MARIA ALONSO, GAIL P. SHARPE (a/k/a GALE P. SHARPE), and YASSER MARTINEZ (hereinafter collectively referred to as "Defendants"), and alleges:

#### PARTIES AND JURISDICTION

1. This is an action for damages in excess of $15,000.00, exclusive of interest, costs and attorneys' fees.

2. Plaintiff is a Florida not for profit corporation, with its principal place of business in Miami-Dade County, Florida.

Marin Eljaiek Lopez & Martinez, P.L.
2601 S. Bayshore Drive, 18th Floor, Coconut Grove, FL 33133
Telephone: (305) 444-5969 • Facsimile: (305) 444-1939 • www.MELAWYERS.com

crodriguez@mellawyers.com - E-Service

3. Defendant JOSUE CEPERO is *sui juris* and a resident of Miami-Dade County, Florida.

4. Defendant LETICIA CEPERO is *sui juris* and a resident of Miami-Dade County, Florida.

5. Defendant MARIA ALONSO is *sui juris* and a resident of Miami-Dade County, Florida.

6. Defendant GAIL P. SHARPE, also known as GALE P. SHARPE, is *sui juris* and a resident of Miami-Dade County, Florida.

7. Defendant YASSER MARTINEZ is *sui juris* and a resident of Miami-Dade County, Florida.

8. Plaintiff is a home owner's association, conducting its business and managing property located within Miami-Dade County, Florida, commonly known as the Hammocks Community.

9. Defendants are all residents of the Hammocks Community.

10. Venue is proper before this Court pursuant to chapter 47, Florida Statutes, and the causes of action that are the subject of this suit arose within the Hammocks Community and involve the Hammocks.

11. All conditions precedent to the maintenance of this action have occurred or have been excused or waived.

12. Plaintiff has retained undersigned counsel to bring this suit and has agreed to pay reasonable attorneys' fees and costs.

Marin Eljaiek Lopez & Martinez, P.L.
2601 S. Bayshore Drive, 18th Floor, Coconut Grove, FL 33133
Telephone: (305) 444-5969 • Facsimile: (305) 444-1939 • www.MELLAWYERS.com

crodriguez@mellawyers.com - E-Service

## General Allegations

13. At all times relevant hereto, Defendants JOSUE CEPERO and LETICIA CEPERO are and have been homeowners of at least one property within the Hammocks Community.

14. At all times relevant hereto, Defendant MARIA ALONSO is and has been homeowners of at least one property at Heron at the Hammocks Condominium Association ("Heron"), located within and governed by the Master Association the Hammocks Community, and is the President of the Board of Directors at Heron.

15. At all times relevant hereto, Defendant GAIL P. SHARPE is and has been homeowners of at least one property at Heron at the Hammocks Condominium Association ("Heron"), located within and governed by the Master Association the Hammocks Community, and is the Secretary of the Board of Directors at Heron.

16. At all times relevant hereto, Defendant YASSER MARTINEZ is and has been homeowners of at least one property within the Hammocks Community.

17. On or about, July 9th, 2017, Defendants JOSUE CEPERO, LETICIA CEPERO, GAIL P. SHARPE and MARIA ALONSO, as a group formed a protest outside the main offices and clubhouse of the Hammocks (the "Protest").

18. During such protest, JOSUE CEPERO, LETICIA CEPERO, GAIL P. SHARPE and MARIA ALONSO, held up signs with false information regarding board members of the Hammocks Association, and made a number of false statements involving one particular board member, Marglli Gallego ("Ms. Gallego"), while working in her capacity as the Treasurer of the Hammocks Association.

19. Defendant JOSUE CEPERO made untrue statements regarding Ms. Gallego, including but not limited to, stating she was a) corrupt, b) stealing and misappropriating funds

Marin Eljaiek Lopez & Martinez, P.L.
2601 S. Bayshore Drive, 18th Floor, Coconut Grove, FL 33133
Telephone: (305) 444-5969 • Facsimile: (305) 444-1939 • www.MELLAWYERS.com

crodriguez@mellawyers.com  - E-Service

from the Hammocks Association, and c) did not live in the community, but rather was just a 1% owner of a property that she obtained for the sole purpose of controlling the association.

20. Defendant LETICIA CEPERO made untrue statements regarding Ms. Gallego, including but not limited to, stating she a) never provided or kept accurate financials regarding the business matters of the association, b) robbed funds from the association for her personal use, c) equating her level of corruption to that of a drug dealer such as Pablo Escobar, and d) claiming her car was vandalized and painted by Ms. Gallego.

21. During the protest Defendants JOSUE CEPERO, LETICIA CEPERO, GAIL P. SHARPE and MARIA ALONSO, held up signs directing the public in general to visit the website with the web address: hammockscommunitytruthseekers.blogspot.com ("Blog").

22. The Blog was created by, is published, maintained and under the control of Defendants MARIA ALONSO and GAIL P. SHARPE.

23. Defendants MARIA ALONSO and GAIL P. SHARPE caused a series of untrue statements and misrepresentations to be published in the Blog. A copy of several Blog entries are attached hereto and marked as **Exhibit A.**

24. The untrue statements made in the Blog include but are not limited to: a) Ms. Gallego drained the bank accounts and reserves of the association, b) she is coming after your (money) too, c) the community is a fresh source of income for Ms. Gallego and her associates who are going to take the residents money, d) that Ms. Gallego and her fellow board members are criminals, and e) Ms. Gallego is blatant and shameless as she outright steals money and uses it for personal benefit.

25. During the Protest, Defendants JOSUE CEPERO, LETICIA CEPERO, GAIL P. SHARPE and MARIA ALONSO, refused to heed the request of police officers who were called to the scene of the protest because the Defendants were creating a nuisance and preventing other

Marin Eljaiek Lopez & Martinez, P.L.
2601 S. Bayshore Drive, 18th Floor, Coconut Grove, FL 33133
Telephone: (305) 444-5969 • Facsimile: (305) 444-1939 • www.MELLAWYERS.com

crodriguez@mellawyers.com  - E-Service

residents and their guests who rented the clubhouse from being able to use the facilities and resulted in cancellations of events scheduled at the clubhouse.

26. The cancellations at the clubhouse resulting from the Protest resulted in loss of income to the Hammocks.

27. Subsequent to the Protest, Defendants caused to be published a flyer which was mailed to the residents of the Hammocks Community ("Flyer"). A copy of the Flyer is attached hereto and marked as **Exhibit B**.

28. The Flyer mailed out by Defendants contained a series of untrue statements and misrepresentations, including but not limited to stating a) Ms. Gallego, knew and did not inform the police of alleged scams by prior board members, b) the Hammocks board of directors failed to have any safe guards in place to protect the Hammocks Community, c) missing money has nothing to do with past board members, but rather is the fault of Ms. Gallego, d) "blood is on the hands of [Hammocks Community's] unqualified. . . Treasurer Marglli Gallego and Board," e) the community was being robbed blind on Ms. Gallego's watch, and f) Ms. Gallego only owns 1% of a condo and therefore does not care about the community.

29. Defendant YASSER MARTINEZ, who is the manager of the Unites States Post Office ("Post Office") dedicated to the Hammocks Community, used his power and position to order subordinate employees within the Post Office to distribute the Flyer without postage and for his personal use to the residents of the Hammocks Community.

30. On or about April 20th, 2016, the Hammocks, through counsel provided Defendants MARIA ALONSO and GAIL P. SHARPE with pre-suit notice and demand for mediation regarding the defamation and libel claims contained herein. A copy of the letter is attached hereto and marked as **Exhibit C**.

31. Defendants ignored the letter and failed to comply with the demand.

Marin Eljaiek Lopez & Martinez, P.L.
2601 S. Bayshore Drive, 18th Floor, Coconut Grove, FL 33133
Telephone: (305) 444-5969 • Facsimile: (305) 444-1939 • www.MELLAWYERS.com

crodriguez@mellawyers.com  - E-Service

32. On or about April 27th, 2016, upon the conclusion of a Hammocks Home Owners Association meeting, as Ms. Gallego attempted to leave the meeting, Defendant GAIL P. SHARPE attacked Ms. Gallego, swung her arm and struck Ms. Gallego, causing bruising and injuries to Ms. Gallego's person.

### COUNT I- TRADE SLANDER – JOSUE CEPERO AND LETICIA CEPERO

33. Plaintiff re-alleges and incorporates paragraphs 1 through 31 above as if alleged herein.

34. A home owner's association corporation, such as Plaintiff, can recover damages because of oral publication of false statements which tend to be prejudicial in the conduct of a trade or business or to deter third persons from dealing in business. Kilgore Ace Hardware Inc. v. H.D. Newsome, 352 So.2d 918 (Fla. 2d DCA 1977).

35. Defendant JOSUE CEPERO and LETICIA CEPERO communicated to third persons in public at the Protest, the Statements and Misrepresentations disparaging Marglli Gallego and the board of directors of the Hammocks Association, including but not limited to stating the treasurer and board is stealing money.

36. The Statements and Misrepresentations made by JOSUE CEPERO and LETICIA CEPERO disparaging Ms. Gallego and the board are untrue.

37. As a result of Defendant JOSUE CEPERO and LITICIA CEPERO, Plaintiff was damaged by amongst other things, preventing and discouraging third parties to cancel events at the Hammocks clubhouse.

**WHEREFORE**, Plaintiff demands judgment for damages entered against Defendants JOSUE CEPERO and LETICIA CEPERO plus interest, costs and attorneys' fees, together with such other and further relief as the Court deems just and proper.

Marin Eljaiek Lopez & Martinez, P.L.
2601 S. Bayshore Drive, 18th Floor, Coconut Grove, FL 33133
Telephone: (305) 444-5969 • Facsimile: (305) 444-1939 • www.MELLAWYERS.com

crodriguez@mellawyers.com - E-Service

### Count II – Libel – Maria Alonso and Gail P. Sharpe

38. Plaintiff incorporates the allegations contained in paragraphs 1 through 31 hereof as though fully set forth herein.

39. A home owner's association corporation, such as Plaintiff, can recover for libel where publication prejudices trade or business, deters 3rd parties from dealing with it, assails its management, and impugns its methods of doing business. McIver v. Tallahassee Democrat, Inc., 489 So.2d 793, (Fla. 1st DCA 1986).

40. Defendants MARIA ALONSO and GAIL P. SHARPE, by and through the Blog, published the statements regarding Ms. Gallego, the employees and board of directors for the Hammocks Association.

41. The published statements are false and defamatory of Ms. Gallego's integrity, professional reputation and the associations business reputation.

42. Defendants MARIA ALONSO and GAIL P. SHARPE published such false statements with knowledge, reckless disregard and/or negligence for the falsity of the statements despite having been given notice of such falsities.

43. As a result of Defendant MARIA ALONSO and GAIL P. SHARPE's publication of false statements, Plaintiff was damaged by amongst other things, preventing and discouraging third parties to cancel events at the Hammocks clubhouse.

**WHEREFORE**, Plaintiff demands all postings involving Ms. Gallego and the Board be withdrawn and removed from the Blog immediately, judgment for damages entered against Defendants MARIA ALONSO and GAIL P. SHARPE plus interest, costs and attorneys' fees, together with such other and further relief as the Court deems just and proper.

Marin Eljaiek Lopez & Martinez, P.L.
2601 S. Bayshore Drive, 18th Floor, Coconut Grove, FL 33133
Telephone: (305) 444-5969 • Facsimile: (305) 444-1939 • www.MELLAWYERS.com

crodriguez@mellawyers.com  - E-Service

### COUNT III - DEFAMATION

44. Plaintiff incorporates the allegations contained in paragraphs 1 through 31 hereof as though fully set forth herein.

45. Defendants, by and through the Flyer, published statements regarding Ms. Gallego, the employees and board of directors for the Hammocks Association.

46. The published statements are false and defamatory of Ms. Gallego's integrity, professional reputation and the associations business reputation.

47. Defendants published such false statements with knowledge, reckless disregard and/or negligence for the falsity of the statements despite having been given notice of such falsities.

48. As a result of Defendant's publication of false statements, Plaintiff was damaged by amongst other things, preventing and discouraging third parties to cancel events at the Hammocks clubhouse.

**WHEREFORE**, Plaintiff demands judgment for damages entered against Defendants plus interest, costs and attorneys' fees, together with such other and further relief as the Court deems just and proper.

### COUNT IV – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

49. Plaintiff incorporates the allegations contained in paragraphs 1 through 31 hereof as though fully set forth herein.

50. Plaintiff conducts business with the residents of the Hammocks Community, by amongst other things, renting its facilities for use by its residents/members for their private events.

Marin Eljaiek Lopez & Martinez, P.L.
2601 S. Bayshore Drive, 18th Floor, Coconut Grove, FL 33133
Telephone: (305) 444-5969 • Facsimile: (305) 444-1939 • www.MELLAWYERS.com

crodriguez@mellawyers.com  - E-Service

51. As residents of the community who are familiar with the rules, regulations and rights of the residents, Defendants knew of the business relationship Plaintiff has with the residents of the community.

52. Despite having been given notice by police officers on site of the interference Defendants were causing during the Protest to an event scheduled and contracted for by a 3rd party resident and Plaintiff, Defendants intentionally and unjustly interfered with the scheduled event and refused to move the protest to a location across the street that would not interfere with the scheduled event.

53. As a result of Defendants interference, events such as the 3rd party scheduled event during the Protest have been cancelled, and Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment for damages entered against Defendants plus interest, costs and attorneys' fees, together with such other and further relief as the Court deems just and proper.

### COUNT V – VIOLATION OF FLA. STAT. § 817.5685 & PUBLICATION OF PRIVATE FACTS – MARIA ALONSO

54. Plaintiff incorporates the allegations contained in paragraphs 1 through 31 hereof as though fully set forth herein.

55. Pursuant to Florida Statute § 817.5685, it is unlawful for a person to intentionally or knowingly possess, without authorization, the personal identification information of another person or entity in any form, including, but not limited to, mail, physical documents, identification cards, or information stored in digital form.

56. Florida Statutes § 772 provides civil remedies for violations of criminal statutes.

Marin Eljaiek Lopez & Martinez, P.L.
2601 S. Bayshore Drive, 18th Floor, Coconut Grove, FL 33133
Telephone: (305) 444-5969 • Facsimile: (305) 444-1939 • www.MELLAWYERS.com

crodriguez@mellawyers.com  - E-Service

57. On or about November 18th, 2017, Defendant MARIA ALONSO without the consent of the Plaintiff, obtained a check made to a 3rd party in the course of business by the Plaintiff, a credit card statement, and caused a copy of each to be published on the Blog by hyperlinking its images. A copy of the Blog page with the links is attached hereto and marked as **Exhibit D**.

58. Such check and statement visibly contains private information, such as the routing and bank account and credit card account numbers for the Plaintiff.

59. It is reasonably offensive to a reasonable person, and to the Plaintiff in particular to know that private information such as banking and credit card information that can be used by 3rd parties for identity theft or other fraudulent activities, are published to the general public.

60. The Plaintiff's private banking information is not of the public's concern.

**WHEREFORE**, Plaintiff demands the check be immediately removed from the Blog, judgment for damages entered against Defendants plus interest, costs and attorneys' fees, together with such other and further relief as the Court deems just and proper.

## COUNT VI – MISSUSE OF POSITION – YASSER MARTINEZ

61. Plaintiff incorporates the allegations contained in paragraphs 1 through 31 hereof as though fully set forth herein.

62. Defendant YASSER MARTINEZ, who is the manager of the Unites States Post Office ("Post Office") dedicated to the Hammocks Community, used his power and position to order subordinate employees within the Post Office to distribute the Flyer to the residents of the Hammocks Community.

63. Defendant YASSER MARTINEZ secured a special privilege by delivering the Flyer without postage and for his personal use.

Marin Eljaiek Lopez & Martinez, P.L.
2601 S. Bayshore Drive, 18th Floor, Coconut Grove, FL 33133
Telephone: (305) 444-5969 • Facsimile: (305) 444-1939 • www.MELLAWYERS.com

crodriguez@mellawyers.com - E-Service

64. Defendant YASSER MARTINEZ acted corruptly by using Post Office resources with wrongful intent for his and his Cohorts (the other Defendants) personal benefit.

65. Plaintiff is entitled to Plaintiff's performance under the contract.

**WHEREFORE**, Plaintiff demands Defendant no longer distributes propaganda such as the Flyer without proper postage, judgment for damages entered against Defendants plus interest, costs and attorneys' fees, together with such other and further relief as the Court deems just and proper.

### Count VII – CIVIL CONSPIRACY

66. Plaintiff incorporates the allegations contained in paragraphs 1 through 31 hereof as though fully set forth herein.

67. Defendants are parties to a civil conspiracy.

68. Defendants conspired to defame the employees and board members of the Plaintiff, tortuously interfere with the Plaintiff's business relationships, unlawfully obtain and publish Plaintiff's private information, such as the check, and use a co-conspirator's governmental position to distribute the Flyer in the community.

69. As residents and members of the Hammock's Community, Defendants owed a duty to Plaintiff to maintain the integrity of the Plaintiff, and protect the Plaintiff from disseminating falsities and private information to the general public.

70. Defendants committed an overt act in furtherance of their conspiracy by, amongst other things, publishing falsities in person, on the Blog and on the Flyer, interfering with an actual event, using the postman to distribute the Flyer, and publishing the check.

71. Defendants conspiracy and their overt acts caused Plaintiff to suffer damages.

Marin Eljaiek Lopez & Martinez, P.L.
2601 S. Bayshore Drive, 18th Floor, Coconut Grove, FL 33133
Telephone: (305) 444-5969 • Facsimile: (305) 444-1939 • www.MELLAWYERS.com

crodriguez@mellawyers.com  - E-Service

WHEREFORE, Plaintiff demands Defendant judgment for damages entered against Defendants plus interest, costs and attorneys' fees, together with such other and further relief as the Court deems just and proper.

### COUNT VIII – ASSAULT & BATTERY – GALE SHARPE

72. Plaintiff incorporates the allegations contained in paragraphs 1 through 32 hereof as though fully set forth herein.

73. On or about April 27th, 2016, Hammocks Home Owners Association conducted a regular meeting on the Plaintiff's property, whereby Marglli Gallego conducted her regular duties as the Treasurer of the Plaintiff.

74. Defendant GAIL P. SHARPE attended the meeting.

75. Upon the conclusion of the meeting and prior to leaving the meeting location, Defendant GAIL P. SHARPE intentionally stood up in front of Ms. Gallego as she attempted to leave the meeting and threatened to hit her with her arm, thereby creating a reasonable apprehension of bodily harm or offensive contact.

76. Defendant GAIL P. SHARPE then pushed Ms. Gallego, lifted her arm, intentionally swung her arm at Ms. Gallego and in a harmful and offensive manner struck Ms. Gallego in the upper part of her arm without her consent.

77. As a result of being struck by Defendant GAIL P. SHARPE, Ms. Gallego suffered bruises and injuries while conducting her duties as the Treasurer of the Plaintiff.

78. Ms. Gallego immediately thereafter reported the Assault and Battery to local police. A copy of the Police Incident Report is attached hereto and marked as **Exhibit E**.

Marin Eljaiek Lopez & Martinez, P.L.
2601 S. Bayshore Drive, 18th Floor, Coconut Grove, FL 33133
Telephone: (305) 444-5969 • Facsimile: (305) 444-1939 • www.MELLAWYERS.com

crodriguez@mellawyers.com  - E-Service

79. Pursuant to Florida Statutes § 772, Defendant GAIL P. SHARPE is civilly liable for the Assault and Battery.

**WHEREFORE**, Plaintiff demands judgment entered against Defendant for damages plus interest, costs and attorneys' fees, together with such other and further relief as the Court deems just and proper.

### PRAYER FOR JURY TRIAL

Plaintiff prays for a Jury Trial on all issues so triable.

Dated this 7th day of December, 2017.

Respectfully submitted,

**Marin Eljaiek Lopez & Martinez, P.L.**
Attorneys for Plaintiff
2601 S. Bayshore Drive, 18th Floor
Coconut Grove, Florida 33133
Telephone: (305) 444-5969
Facsimile: (305) 444-1939

By: /s/Carlos F. Rodriguez
Carlos F. Rodriguez, Esq.
Fla. Bar No. 97655

Marin Eljaiek Lopez & Martinez, P.L.
2601 S. Bayshore Drive, 18th Floor, Coconut Grove, FL 33133
Telephone: (305) 444-5969 • Facsimile: (305) 444-1939 • www.MELLAWYERS.com

crodriguez@mellawyers.com  - E-Service