*Tagged Opinion*
*Do not publish*



ORDERED in the Southern District of Florida on October 27, 2021.

**Laurel M. Isicoff**
**Chief United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:   CASE NO. 17-20358-BKC-LMI

JOSUE CEPERO and LETICIA   Chapter 13
CEPERO,

      Debtors.
_____/

**ORDER ON SANCTIONS AND SETTING**
**FURTHER EVIDENTIARY HEARING**

This matter came before the Court after a trial on February 26, 2020 and February 11-12, 2021 on the *Debtors' Motion For Contempt Against Hammocks Community Association Inc., and it's [sic] President, Marglli Gallego for Failure to Abide by This Court's Agreed Order Dated December 3, 2019, [ECF 189] and This Court's Order Dated December 6, 2018, [ECF 191] on the Debtors' Amended Motion

*for Contempt Against Hammocks Community Association Inc., and it's [sic] President, Marglli Gallego* (ECF #199) (the "2019 Contempt Motion") and *Debtors' Amended Motion for Contempt Against Hammocks Community Association Inc., and it's [sic] President, Marglli Gallego for Failure to Abide by This Court's Agreed Order Dated December 3, 2019 [ECF 189] and This Court's Order Dated December 6, 2018, [ECF 191] on the Debtors' Amended Motion for Contempt Against Hammocks Community Association Inc., and it's [sic] President, Marglli Gallego* (ECF #289) (the "Amended Contempt Motion" and together with the 2019 Contempt Motion, the "Contempt Motions").  The Court finds that the Debtors are entitled to sanctions in the form of attorney fees in the amount set forth below, and, if their evidentiary burden is met, in the form of damages for emotional distress. The Court also finds the Debtors are entitled to some punitive damages, the amount of which the Court cannot determine until after ruling on the request for damages relating to the alleged emotional distress.  The Court finds the Debtors are not currently entitled to reimbursement of expenses because they failed to provide the required support ordered by the Court, and with respect to the attorney fees included in the request for costs, in addition to being inappropriately categorized as a cost, had no detail whatsoever.

The Court entered its ruling in favor of the Debtors on almost all of the relief requested in the Contempt Motions in its *Order Finding Hammocks Community Association Inc. and Marglli Gallego in Contempt* (ECF #328) (the

"Contempt Order")[1], and directed the Debtors to submit a "specific request for damages, citing the support for the damages, whether by statute or common law, and the specific amount of damages requested for each category of damages." The Debtors filed their *Statement of Damages on Order of Contempt* (ECF #335) (the "Damages Statement") to which the Association[2] and Ms. Gallego filed their *Objection to Debtor's [sic] Statement of Damages on Order of Contempt* (ECF #337) (the "Damages Objection").

The Debtors seek sanctions in the form of damages for the violations of this Court's Orders[3] and for violation of the automatic stay. The Debtors also seek punitive damages. The Debtors rely on 11 U.S.C. §105 for the sanctions arising from the violation of the Court's Orders and on 11 U.S.C. §362(k) for damages arising from the stay violation.

Under section 105, "the court may take any action 'necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.' 11 U.S.C. § 105(a). Thus, a court may impose sanctions if a party violates a court order or rule." *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1273 (11th Cir. 2009). "The purpose of civil contempt sanctions is to (1) compensate

---

[1] The Association and Ms. Gallego have appealed the Contempt Order. Nonetheless, the Court has jurisdiction to enter this Order. *See In re TLFO, LLC,* 571 B.R. 880, 891 (Bankr. S.D. Fla. 2017); *In re Sundale, Ltd.,* 2021 WL 3375815, at *1 (Bankr. S.D. Fla. 2021).

[2] Any undefined capitalized terms throughout this order will have the same definition as in the Contempt Order (ECF #328).

[3] *Agreed Order on Debtor's [sic] Amended Motion for Contempt against Hammocks Community Association, Inc. and it's [sic] President, Marglli Gallego* (ECF #189) (the "2018 Contempt Order"), and *Order on Debtor's [sic] Amended Motion for Contempt against Hammocks Community Association, Inc. and it's [sic] President, Marglli Gallego* (ECF #191) (the "Additional 2018 Contempt Order").

the complainant for losses and expenses it incurred because of the contemptuous act, and (2) coerce the contemnor into complying with the court order." *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1557 (11th Cir. 1996).

Sanctions for a stay violation under section 362(k) may be awarded when the Court finds that the stay violation was willful. If so, the Debtors are entitled to "recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. §362(k).

**Attorney Fees**

The Debtors seek sanctions in the form of attorney fees totaling $71,830.00.[4] The Association and Ms. Gallego object to the fees on a number of grounds including that there were no expert declarations attached to the Damages Statement. The Court will address this objection first. The use of expert testimony in federal court is governed by Federal Rule of Evidence 702. That rule states "[a] witness who is qualified as an expert by knowledge, skill, experience, training or education may testify on the form of an opinion or otherwise if: (a) the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." As the Court has repeatedly advised parties who appear before her, and advised the parties in this case, the Court has 37 years of experience in the bankruptcy arena-over 20 years as a practitioner and over 15 years as a judge. The Court does not require an expert to advise the Court on the issue of the

---

[4] The Court will address the attorney fees included in "costs" when discussing the cost requests.

reasonableness of attorney fees in a bankruptcy proceeding. Therefore, that portion of the Damages Objection is overruled.

The reasonableness of the fees requested by the Debtors is measured in accordance with the criteria set forth in *Johnson v. Georgia Highway Exp.,* 488 F.2d 714 (5th Cir. 1974) as reaffirmed in *Norman v. Housing Authority of the City of Montgomery,* 836 F.2d 1292 (11th Cir. 1988). *In re Lyubarksy,* 615 B.R. 924, 934 (Bankr. S.D. Fla. 2020).[5] Those factors are (i) the time and labor involved; (ii) the novelty and difficulty of the questions; (iii) the skill requisite to perform the legal service properly; (iv) the preclusion of other employment by the attorney due to acceptance of the case; (v) the customary fee; (vi) whether the fee is fixed or contingent; (vii) time limitations imposed by the client or the circumstances; (viii) the amount involved and the results obtained; (ix) the experience, reputation, and ability of the attorneys; (x) the "undesirability" of the case; (xi) the nature and length of the professional relationship with the client; and (xii) awards in similar cases.

The Court has reviewed the detailed fee statements for Mr. Brooks and for Mr. Arslanian attached to the Damages Statement. Having reviewed the statements in detail, the Court finds that Mr. Brooks' fees should be reduced to $26,977.50 and allowed as a sanction only in that amount and that Mr. Arslanian's fees should be allowed in the amount requested - $27,087.50.

---

[5] "The criteria for determining the reasonableness of the fees requested is not 11 U.S.C. §330 because the Debtors' professionals were not retained pursuant to 11 U.S.C. §327. . . . Fed. R. Bankr. P. 2016 and this Court's *Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases* are also inapplicable." *Id.*

The award of attorney fees as a sanction for violation of this Court's Orders and violation of the stay is designed to compensate the Debtors for the harm caused by the acts of the Association and Ms. Gallego. This does not mean that the Debtors are entitled to any attorney fees arising from the Debtors' relationship and dealings with the Association. Nonetheless, Mr. Brooks included in his fee request charges associated with the Debtors' alterations to their roof, front door, and driveway. None of those fees were appropriately included in his fee request.

The balance of the fee reduction is based primarily on collective excessive charges for tasks such as preparation of the closing statement and unnecessary duplication – primarily attendance at the deposition. Therefore, the Court finds that it is appropriate to sanction the Association and Ms. Gallego jointly and severally $54,065.00 with respect to the attorney fee damages.

**Costs**

The Debtors also seek $11,682.20 in costs, which include $2,500.00 for attorney fees associated with work done by Mr. Brooks' former law partner Michael Frank in 2019, $5,000.00 for attorney fees for Mr. Brooks in 2020, and $2,500.00 for work done by Guy Spiegelman, identified as "for state court case" in 2019.

In the Contempt Order the Court stated "[t]he request for attorney fees and reimbursement of costs must include the appropriate detail of services, billing rate, services performed (redacted, as needed to protect attorney-client or work-product communications), and the costs must include any necessary support."

Notwithstanding those instructions, there is no support provided for any of the costs requested. Because the costs were described, the Court will give the Debtors fourteen days to submit the support for the costs (other than the attorney fees) that are listed on Exhibit C of the Damages Statement. The consequence of the failure to provide copies of the invoices will result in those costs being disallowed.

The Court will now turn to the attorney fees listed as costs. These are disallowed *in toto*. The Court was very specific regarding the detail required for any attorney fee request. The Court understands that Mr. Brooks and his former law firm may be involved in a dispute. However, if Mr. Brooks made a demand for that information (which he should have been requesting at least from the time the second day of trial was set), and that demand was rebuffed, Mr. Brooks had ample time to file a motion with this Court compelling his former law firm to provide the information. Thus the $7,500.00 requested for Mr. Frank's and Mr. Brooks' time is denied.

The Court has no idea what the Guy Spiegelman fees are for, and to which "state court case" the cost statement refers. Because there was no detail provided to allow the Court to determine whether these fees are reasonable or are even associated with the violations of the Court's Orders or the stay, this request is disallowed as well.

**Emotional Distress Damages**

The Debtors claim they have suffered damages arising from emotional distress for which they seek compensation. "Compensatory damages may

7

include emotional distress, provided the Debtor (1) suffers significant emotional distress, (2) clearly establishes the significant emotional distress, and (3) demonstrates a causal connection between that significant emotional distress and the contemptor's wrongful conduct." *In re Rhodes*, 563 B.R. 380, 388–89 (Bankr. M.D. Fla. 2017).

As the Court held in *Lyubarsky,* "[t]he Eleventh Circuit has recognized that debtors who are subjected to a stay violation are entitled to claim emotional distress damages under section 362(k). *Lodge v. Kondaur Capital Corp.,* at 1271. '[T]o recover 'actual' damages for emotional distress under § 362(k), a plaintiff must (1) suffer significant emotional distress, (2) clearly establish the significant emotional distress, and (3) demonstrate a causal connection between that significant emotional distress and the violation of the automatic stay.' *Id. (internal citations omitted)."* In re Lyubarsky, 615 B.R. 924, 931 (Bankr. S.D. Fla. 2020).

The Court finds that the Debtors are entitled to an evidentiary hearing to establish whether and to what extent they have suffered damages for emotional distress arising from the violations of the Court Orders and the automatic stay. Subject to proving entitlement, these damages, if any, will be added to the fee and cost awards.

**Punitive Damages**

The Debtors have asked for an unspecified amount of punitive damages. "Punitive sanctions are appropriate when a party acts with 'reckless or callous disregard for the law or rights of others.' *Parker v. Credit Central South, Inc.*, 634

Fed. Appx. at 773 (internal citations omitted)." *Lyubarsky*, 615 B.R. at 937. "Courts in the Eleventh Circuit have used five factors in determining whether an award of punitive damages is proper: '(1) the nature of the [defendant]'s conduct; (2) the nature and extent of the harm to the plaintiff; (3) the [defendant]'s ability to pay; (4) the motives of the defendant; and (5) any provocation by the debtor.' *In re Harrison*, 599 B.R. 173, 182 (Bankr. N.D. Fla. 2019)." *Lyubarsky,* 615 B.R at 937-38.

The Court finds that Ms. Gallego acted recklessly and carelessly when she deliberately cut off the Debtors with her car, and then called the police with her manufactured story about the Debtors following her. The Court also finds that Ms. Gallego acted recklessly and callously when she initiated the November 2020 Lawsuit, knowing that Mrs. Cepero was still in bankruptcy, and knowing she could not sue Mrs. Cepero while she was in bankruptcy.[6] At a minimum Ms. Gallego should have advised state court counsel about the bankruptcy so that state court counsel could assess whether and to what extent relief could be sought in state court absent a stay relief order from the bankruptcy court.

The Court cannot calculate the amount of punitive damages without a further evidentiary hearing.

> In determining the *amount* of punitive damages, "[a]n award of punitive damages should be gauged by the gravity of the offense and set at a level sufficient to insure that it will punish and deter." *In re Novak*, 223 B.R. 363, 368 (Bankr. M.D. Fla. 1997) (emphasis added). *See, e.g., In re Campbell*, 553 B.R. 448, 557 (Bankr. M.D. Ala. 2016) (awarding $50,000.00 in

---

[6] As the Court previously held, the November 2020 Lawsuit sought damages for pre-petition as well as post-petition conduct.

9

> punitive damages where the Court determined "that such an amount is necessary to deter [the party] from engaging in such conduct in the future."); *In re Brodgen*, 588 B.R. 625 (Bankr. M.D. Fla. 2018) (awarding punitive damages that doubled actual damages, exclusive of attorney's fees; the court found that even if the punitive damages were insufficient to deter future behavior, that the amount was "not insignificant"); *In re Harrison*, 599 B.R. at 191 (awarding punitive damages against parties, the court multiplied actual damages by factors of 2 and 3.375 in an effort to deter future behavior). The amount of punitive damages "[is] largely left to the discretion of the bankruptcy court." *In re Lansaw*, 853 F.3d at 670.

*Lyubarsky,* 615 B.R. at 938. As already noted, the Court requires an evidentiary hearing to determine whether the Debtors are entitled to damages for emotional distress (which will assist the Court in determining any appropriate multiplier *and* the amount of damages against which to apply any multiplier) and, also, as the Association and Ms. Gallego pointed out in their Damages Objection, to assess their respective ability to pay the punitive damages. Thus, the Court will determine the amount of punitive damages after the evidentiary hearing.

## **CONCLUSION**

The Court finds as follows:

a. The Debtors are entitled to sanctions to be assessed against the Association and Ms. Gallego for damages incurred in connection with the violations of this Court's Orders and violation of the automatic stay, all as detailed in the Contempt Order.

b. Sanctions in the form of attorney fees are allowed in the total amount of $54,065.00.

c. The Debtors will have fourteen days to produce the necessary support for the non-attorney fee costs listed in the Damages Statement or any such claims are waived.

d. The $10,000.00 in attorney fees listed as "costs" are not allowed.

e. The Court will conduct an evidentiary hearing on December 30, 2021, at 9:30 a.m. to hear evidence on emotional distress damages and the ability of Ms. Gallego and the Association to pay punitive damages.

    i. The Court has reserved one half day for this evidentiary hearing.

    ii. The hearing shall take place at United States Bankruptcy Court, 301 N. Miami Avenue, Courtroom 8, Miami, Florida.

    iii. **DISCOVERY**. All discovery must be completed not later than **seven days** before the evidentiary hearing. The time for responding to interrogatories, requests for admission or requests for production is shortened to fourteen (14) days from service of the discovery.

    iv. **WITNESS LISTS**. No later than 4:00 p.m. **four business days** before the evidentiary hearing before the evidentiary hearing, all parties must exchange and file with the Court witness lists identifying all fact and expert witnesses each party intends to call at the evidentiary hearing (other than rebuttal or impeachment witnesses).

    v. **SUBMISSION AND EXCHANGE OF EXHIBITS.** No later than 4:00 p.m. **four business days** before the evidentiary hearing, the parties must submit and exchange all exhibits pursuant to the requirements of Local Rule 9070-1.

    v. **OBJECTIONS TO EXHIBITS.** All objections to exhibits must comply with Local Rule 9070-1 and must be filed and served, so as to be received no later than 4:00 p.m. **two business days** before the evidentiary hearing. The parties must meet and confer (by telephone or video conference) to resolve, to the extent possible, any objections to exhibits. Any unresolved

objections (other than objections to relevancy) will be addressed at the beginning of the evidentiary hearing.

# # #

Copies furnished to:
Michael Brooks, Esq.
Miguel Parlade, Esq.

*Attorney Brooks is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF, and file a proof of such service within two (2) business days from entry of the Order.*