**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In Re:  Case Number: 17-20358-LMI
Chapter 13

JOSUE CEPERO and
LETICIA CEPERO

      Debtor(s)  /

**HAMMOCKS COMMUNITY ASSOCIATION, INC. and MARGLLI GALLEGO'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION (ECF 340)**

  Respondents, Hammocks Community Association, Inc. and Marglli Gallego, hereby file their Memorandum in Opposition to Defendant's Motion for Reconsideration (ECF 340) and in support thereof state:

1. On July 17, 2021, this Court entered an Order finding Respondents in contempt for violating its Orders dated December 3, 2018, and December 6, 2018 (ECF 189 and ECF 191, respectively); and on Debtor's Amended Motion for Contempt (ECF 289). *(ECF 328).*

2. Based on the foregoing, on October 28, 2021 this Court entered an Order on Sanctions and Setting Evidentiary Hearing (ECF 339) which stated that attorneys fees to Michael Brooks' prior law firm were disallowed and the Court quoted its July 17, 2021 order, "[t]he request for attorney fees and reimbursement of costs must include the appropriate detail of services, billing rate, services performed (redacted, as needed to protect attorney-client or work-product communications), and the costs must include any necessary support."

3. Debtor's attorneys provided no details of the aforementioned attorney's fees and this Court property disallowed them.

4. On November 01, 2021, Debtors' attorney filed a Motion for Reconsideration asking the

    Court to take "judicial notice" of the records he cannot produce. *See, Paragraph 6 of ECF 340.*

5. Then Debtor's attorney makes an argument that it is unfair that due to his inability to locate the records that Hammocks Community Association, Inc. and Marglli Gallego are "benefitting". *See Paragraph 8 of ECF 340.*

6. "Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly." *U.S. ex rel. Mastej v. Health Mgmt. Assocs., Inc., 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012) (citing Am. Ass'n of People With Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)).*

7. A movant seeking that a Court reconsider a prior order must 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Asokan v. Am. Gen. Life Ins. Co., 302 F. Supp. 3d 1303, 1310 (M.D. Fla. 2017).*

8. Movants have not submitted any new facts or law in support of their motion for reconsideration, they merely stated that this Court should take "judicial notice" of the hours worked by Mr. Brooks' prior firm without presenting any evidence or detail thereof.

9. Pursuant to Fed. R. Evid. 201 (b), "the court may judicially notice a fact that is not subject to reasonable dispute because it: i) is generally known within the trial court's territorial jurisdiction; or ii) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

10. Evidence that was never presented regarding a law firm's billing records do not fall within those types of evidence allowable under Fed. R. Evid. 201 (b).

WHEREFORE, Respondents Hammocks Community Association and Marglli Gallego

respectfully request that this Court deny Debtors' Motion for Reconsideration.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was transmitted to the parties listed below via electronic delivery on this 19th day of November 2021:

Michael J. Brooks, Esq. on behalf of Debtors; pleadings@bankruptcynow.com, mbrooks@bankruptcynow.com;brooks.michaelr100502@notify.bestcase.com

David E. Hicks, Esq. on behalf of Creditor JPMorgan Chase Bank, N.A.
tbyington@kelleykronenberg.com

Nancy K. Neidich
e2c8f01@ch13miami.com, ecf2@ch13miami.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Steven G. Powrozek, Esq. on behalf of Creditor Wells Fargo Bank, NA.
spowrozek@logs.com, LOGSECF@logs.com

Lindsey Savastano on behalf of Creditor Wells Fargo Bank, NA.
LSavastano@flwlaw.com, NJackson@flwlaw.com

/s/ Miguel Parlade
Miguel Parlade, Esq.
Fla. Bar. 388068
Attorney for Marglli Gallego and
Hammocks Community Association
P.O. Box 771747
Miami, FL  33177
(305) 235-9040
parladelaw@gmail.com