UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In Re:                                              Case Number: 17-20358-LMI
                                                    Chapter 13
JOSUE CEPERO and
LETICIA CEPERO

_____Debtor(s)___/

## HAMMOCKS COMMUNITY ASSOCIATION, INC. and MARGLLI GALLEGO'S MOTION TO COMPEL RESPONSES TO THEIR SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THIRD SET OF INTERROGATORIES EMERGENCY HEARING REQUESTED

Respondents, Hammocks Community Association, Inc. and Marglli Gallego (hereinafter "Respondents"), by and through their undersigned counsel, pursuant to Rule 37 Fed. R. Civ. P., made applicable to these proceedings by Rule 7037 Fed. R. Bankr. P. and Local Rule 7026-1, hereby file this Motion to Compel Debtors Josue Cepero and Leticia Cepero to respond to Respondents' Second Request for Production of Documents and Third Set of Interrogatories, and in support thereof state as follows:

1. On October 28, 2021, this Court entered into an Order on the determination of sanctions and setting further evidentiary hearing on the debtors' claim for emotional distress and punitive damages. (ECF 339)

2. Pursuant to this Order, this Court scheduled a hearing for December 30, 2021 to hear evidence on emotional distress damages and the ability of the Respondents to pay punitive damages. *See para. e, Page 11 of ECF 339.*

3. Furthermore, this Court ordered all discovery to be completed no later than seven days prior to the hearing and shortened the time for responses to discovery to fourteen days. *Para. e(iii), Page 11 of ECF 339.*

4. On November 4, 2021, Respondents requested a Second Request for Production of

Documents and Third Set of Interrogatories to the Debtors.

5. The due date for the above-mentioned discovery was November 18, 2021.

6. On November 17, 2021, the undersigned was contacted the Debtors' attorney, Michael Brooks, Esq., who stated that he had received the Answers to Respondents' Third Set of Interrogatories, but he was awaiting the responses to the Second Request for Production of Documents to be brought by the Debtors. He also requested a "few extra days" because the debtors were being deposed in some other court proceedings.

7. On November 19, 2021, Attorney Michael Brooks contacted the undersigned and said he was sending the Answers to Interrogatories but that the documents responsive the Respondents Second Request for Production of Documents were being brought to the office of the undersigned on November 22, 2021 by the Debtors themselves.

8. On November 23, 2021, the undersigned contacted Mr. Brooks after having received no discovery responses.

**THIRD SET OF INTERROGATORIES TO DEBTORS**

9. On November 23, 2021, the undersigned received incomplete responses to Respondents Third Set of Interrogatories to Debtors. Attached herewith as Exhibit "A".

10. Specifically, Interrogatory No. 3 (b) requests a description of the the subject matter that each listed witness will testify to. Debtors' response was merely "Psychiatric issues with Debtor."

11. Interrogatory No. 4 requested a detailed description of how Josue Cepero suffered significant emotional distress for the incident that occurred on May 15, 2021. Debtors' response was "Anxious, sexual issues, worried about the safety of family and self, depressed and lack of sleep."

12. Interrogatory No. 5 requested a detailed description of how Leticia Cepero suffered significant emotional distress for the incident that occurred on May 15, 2021. Debtors' response was "Suffered panic attacks, lack of sleep and worried what Gallego would do to her."

13. Interrogatory No. 6 requested a detailed description of how Leticia Cepero suffered significant emotional distress from the incident when Marglli Gallego filed a lawsuit against her during November 2020. Debtors' response was "Increase in anxiety but spoke with Michael Brooks and felt relieved."

14. Interrogatory No. 13 requested, "Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion." Debtors' response was "Dr. Francis Pena, Doctor, 15160 SW 136 Street, Miami, FL 33196. 305-975-4049. Dr. Marjorie Caro, Doctor, 5860 W. Flagler St., Miami, 33144, 305-264-7808."

**SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

15. Respondents Second Request for Production of Documents was relayed to Debtors' attorney on November 4, 2021.

16. Debtor have yet to file a response to the Second Request for Production of Documents.

17. On November 24, 2021, Debtors dropped off a USB storage device at the office of the undersigned containing some of the documents requested.

18. Noticeably missing from the documents are expert reports, expert CVs, documents evidencing the claims of emotional distress for Josue Cepero, five years medical records

from all providers mentioned in the Debtors' response to Interrogatories, five years prescription drug records (Debtors' only provided prescription records from 2019 to 2021).

19. Respondents are prejudiced in the preparation for the defense of this case.

20. Pursuant to Local Rule 7026-1, the undersigned certifies that he has attempted to confer with Debtors' counsel in a good faith effort to resolve by agreement the issues raised in this Motion to Compel but has been unsuccessful.

21. Due to the relatively short time in which Respondents have to prepare for trial, the matters requested cannot be set on regular motion calendar.

22. The undersigned called Debtors' counsel to try to resolve this without hearing, but to no avail.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was transmitted to the parties listed below via electronic delivery on this 29th day of November 2021:

Michael J. Brooks, Esq. on behalf of Debtors; pleadings@bankruptcynow.com, mbrooks@bankruptcynow.com;brooks.michaelr100502@notify.bestcase.com

Nancy K. Neidich
e2c8f01@ch13miami.com, ecf2@ch13miami.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

/s/ Miguel Parlade
Miguel Parlade, Esq.
Fla. Bar. 388068
Attorney for Marglli Gallego and
Hammocks Community Association
P.O. Box 771747
Miami, FL 33177
(305) 235-9040
parladelaw@gmail.com

## ANSWERS TO INTERROGATORIES

1. What is your name and address of the person answering these interrogatories, and if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

   - Josue Cepero and Leticia Cepero. 20205 S.W 14th Ct. Miami, FL 33189.

2. Identify each and every person that you may call or intend to call as a witness to testify concerning the matters relating to your claim for emotional distress and punitive damages.

   - Dr. Francis Pena, Dr. Marjorie Caro, Josue Cepero, and Leticia Cepero.

3. For each witness identified in Interrogatory No. 2, identify:

a) His/ her current occupation, address, and telephone number;

   - Dr. Francis Pena, Doctor, 15160 S.W 136 St, Miami, FL 33196. 305-975-4049.
   - Dr. Marjorie Caro, Doctor, 5860 W Flagler St, Miami, FL 33144. 305-264-7808.
   - Josue Cepero, disabled, and Leticia Cepero, unemployed. 20205 S.W 14 Ct, Miami, FL 33189

b) The subject matter upon which he/she is expected to testify; and

   - Psychiatric issues with the Debtors.

c) The relationship of that person to the debtor(s).

   - Medical professionals.

4. Describe in detail how Josue Cepero suffered significant emotional distress as a result of the incident that occurred on May 15, 2019, as alleged in the Debtor's Motion for Contempt.

A

- Anxious, sexual issues, worried about the safety of family and self, depressed and lack of sleep.

5. Describe in detail how Leticia Cepero suffered significant emotional distress as a result of the incident that occurred on May 15, 2019, as alleged in the Debtor's Motion for Contempt.

    - Suffered panic attacks, lack of sleep and worried what Gallego would do to her.

6. Describe in detail how Leticia Cepero suffered significant emotional distress as a result of the incident that occurred when Marglli Gallego filed a lawsuit against Leticia Cepero during November 2020.

    - Increase in anxiety but spoke with Attorney Michael Brooks and felt relieved.

7. List the names and business addresses of each physician, psychologist and/or psychiatrist who has treated or examined you, and each medical facility where you have received any treatment or examination for the injuries you claim to have suffered as a result of the emotional distress described in Interrogatory number 4; and state as to each the date of treatment or examination and the injury or condition for which were examined or treated.

    - The dates of treatments will be in the doctor's records.

8. List the names and business addresses of each physician, psychologist and/or psychiatrist who has treated or examined you, and each medical facility where you have received any treatment or examination for the injuries you claim to have suffered as a result of the emotional distress described in Interrogatory number 5; and state as to each the date of treatment or examination and the injury or condition for which were examined or treated.

    - The dates of treatments will be in the doctors' records.

9. List the names and business addresses of each physician, psychologist and/or psychiatrist

who has treated or examined you, and each medical facility where you have received any treatment or examination for the injuries you claim to have suffered as a result of the emotional distress described in Interrogatory number 6; and state as to each the date of treatment or examination and the injury or condition for which were examined or treated.
- None.

10. List the names and business addresses of all physician, psychiatrists, psychologists, medical facilities, or other health care providers by whom or at which Leticia Cepero has been examined or treated from January 1, 2015, to the present; and state as to each the dates of treatment.
    - Dr. George Sanchez, 7500 S.W 87th Ave, #200, Miami, FL 33173.
    - Dr. Daniel Gelrud, 9408 S.W 87th Ave, #200, Miami, FL 33176, (305)-913-0666.
    - Dr. Abilio Cuello, 8950 N. Kendall Dr., #504, Miami, FL 33176, (305)-274-2030.
    - Dr. Ronaldo Hernandez, 7135 S.W 117 Ave, Miami, FL 33183, (844)-665-4827.

11. List the names and business addresses of each physician, psychiatrists, psychologists, medical facilities, or other health care providers by whom or at which Josue Cepero has been examined or treated from January 1, 2015, to the present; and state as to each the dates of treatment.
    - Dr. Gabriel Suarez, 15955 S.W 96 St, #200, Miami, Florida 33196, (786)-467-3140.
    - Dr. Rubin Gonzalez, 11780 S.W 89th St, Miami, FL 33186, 305-260-9803.

12. List the names and addresses of all persons who believed or known by you, your agents, or your attorneys to have any knowledge your claim for emotional distress.
    - Josue Cepero and Leticia Cepero, 20205 S.W 14th Ct, Miami, FL 33189.

- Josue Cepero, Jr., 20205 S.W 14th Ct, Miami, FL 33189.

13. Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinion to which the witness is expected to testify and a summary of the grounds for each opinion.

- Dr. Francis Pena, Doctor, 15160 S.W 136 St, Miami, FL 33196, 305-975-4049
- Dr. Marjorie Caro, Doctor, 5860 W Flagler St, Miami, FL 33144, 305-264-7808.

Dated: November 19, 2021

_____
Josue Cepero

_____
Leticia Cepero

LAW OFFICES OF MICHAEL J. BROOKS, ESQ
Attorney for the Debtors
8410 S.W 40th St
Miami, Florida 33155
Telephone: (954)859-6661

By:___/s_____
Michael J. Brooks, ESQ
FL BAR NO.:434442

**AFFIDAVIT**

STATE OF FLORIDA     )
COUNTY OF MIAMI-DADE )

I HERBY CERTIFY that the foregoing AFFIDAVIT was acknowledged before this,___19th___ day of __November__, 2021. ( Josue Cepero and Leticia Cepero, who is personally known to me or who has produced __Personally Known?__, as identification and who duly did take an oath.


GABRIELA M. RODRIGUEZ
MY COMMISSION # GG 234674
EXPIRES: July 2, 2022
Bonded Thru Notary Public Underwriters

My Commission Expire:

_____
NOTARY PUBLIC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

JOSUE CEPERO and
LETICIA CEPERO

OF
        Debtors.
_____/

CASE NO. 17-20358-LMI
CHAPTER 13

SECOND REQUEST FOR PRODUCTION
OF DOCUMENTS

PROPOUNDING PARTY: HAMMOCKS COMMUNITY ASSOCIATION, INC.

RESPONDING PARTY: JOSUE CEPERO AND LETICIA CEPERO

    Pursuant to Fed. R. Civ. P. 33, 34, and 36, made applicable to this proceeding pursuant to Rules 7033, 7034, 7036 and 9014 of the Fed. R. Bankr. P., and the Order on Sanctions and Setting Further Evidentiary Hearing (D.E. 339); Hammocks Community Association Inc. (hereinafter "Association") hereby requests that Debtors, Josue Cepero and Leticia Cepero, prepare and file answers, separately and fully, in writing and under oath, to these discovery requests and serve a copy of such answers upon the attorneys for the Association by November 18, 2021, as instructed by paragraph iii of this Court's Order on Sanctions and Setting Further Evidentiary Hearing.

## **DEFINITIONS**

    1. As used herein, please note the terms "you", "your", "Debtor", and "Debtors" refers to Josue Cepero and/or Leticia Cepero, individually and collectively.

    2. As used herein, the term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, government body, group of natural persons, or other entity.

1



3. As used herein, please note the term "Association" refers to Hammocks Community Association, Inc.

4. As used herein, please note the term "Heron" refers to Heron at the Hammocks Condominium Association, Inc.

5. As used herein, please not the term "Motion for Contempt" refers to "Debtor's Motion for Contempt against Hammocks Community Association, Inc., and its President, Marglli Gallego for failure to abide by this Court's Agreed Order dated December 3, 2018 (ECF 191) on the Debtor's Amended Motion for Contempt against Hammocks Community Asociation, Inc., and It's President, Marglli Gallego and request an evidentiary hearing" (D.E. 199).

6. As used herein, the term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, government body, group of natural persons, or other entity.

7. As used herein, the term "relates to" or "relating to" means referring to, concerning, documenting, responding to, containing, regarding, discussing, documenting, describing, reflecting, analyzing, constituting, disclosing, employing, defining, stating, explaining, summarizing, or in any way pertaining to.

8. As used herein, the terms "and" as well as "or" shall be construed both disjunctively and conjunctively so as to bring within the scope of each of these requests any information which otherwise might be construed to be outside the scope of any request.

9. The use of the singular form of any word includes the plural, and the use of the plural includes the singular.

2

## INSTRUCTIONS

1. These requests encompass all items within your possession, custody or control.

2. Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objections shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.

3. All documents which are to be produced shall be produced as they are kept in the usual course of business or shall be organized and labeled in a manner clearly identifying and indicating the documents or tangible things being produced in response to the particular request.

4. This request is deemed to be continuing in nature, and in the event you become aware of or acquire in your possession, custody or control additional responsive documents, you are requested to produce promptly such additional documents for inspection and copying.

5. If in responding to these requests you encounter any ambiguity in construing any request, instructions or definition, set forth the matter deemed ambiguous and the construction used in responding thereto.

6. If any document cannot be produced in full or in part, you shall state, in writing, the reasons for your inability to produce all or any portion of the document requested and serve those reasons on defendants at the time required for response.

7. If any requested documents are withheld under a claim of privilege, identify each such document and state the date of the document, identify its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a summary of the subject matter of the document, its present location and custodian, the basis upon which the asserted privilege is claimed, and the requests to which the

document is responsive.

8. If any of requested documents have been destroyed, furnish a list identifying each such document, its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a summary of the substance of the document, the date upon which it was destroyed and the reason it was destroyed.

## REQUEST FOR DOCUMENTS

1. Produce each Document that Debtors expect to introduce at hearing for sanctions on 12/30/2021 as set forth by this Courts Order on Sanctions and Setting Further Evidentiary Hearing (D.E. 339).

2. All reports prepared by any experts expected to testify on behalf of the Debtors at the evidentiary hearing in this matter and all documents used by said experts in forming their opinions.

3. All medical records; including medical reports, surgical records, c.d.'s, notes, electronically stored data, or memoranda; relating in any way to Josue Cepero's physical or medical condition, illnesses or disabilities, mental condition, psychiatric conditions, and prescribed medications from January 1, 2015 to the present.

4. All medical records; including medical reports, surgical records, c.d.'s, notes, electronically stored data, or memoranda; relating in any way to Leticia Cepero's physical or medical condition, illnesses or disabilities, mental condition, psychiatric conditions, and prescribed medications from January 1, 2015 to the present.

5. All documents referred to in your Answers to Interrogatories.

6. All medical records pertaining to treatment rendered by any physician, psychiatrist, psychologist, hospital, or other medical practitioner or facility to Josue Cepero from January 1, 2015 to the present.

7. All medical records pertaining to treatment rendered by any physician, psychiatrist, psychologist, hospital, or other medical practitioner or facility to Leticia Cepero from January 1, 2015 to the present.

8. A copy of your expert's most recent curriculum vitae.

Dated November 4, 2021

                                       LAW OFFICES OF MIGUEL PARLADÉ, P.A.
                                       Attorney for Hammocks Community Association
                                       P.O. Box 771747
                                       Miami, Florida 33177
                                       Telephone: (305) 235-9040

                                       By: __/s_____
                                       MIGUEL PARLADÉ, ESQ.
                                       FL BAR NO.: 0388068