# EXHIBIT

# 12

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In Re:                                          Case Number: 17-20358-LMI
                                                Chapter 13

JOSUE CEPERO and
LETICIA CEPERO

_____ Debtor(s)     /

### HAMMOCK'S COMMUNITY ASSOCIATION, INC.
### RESPONSES AND OBJECTIONS TO DEBTORS' THIRD SET OF
### INTERROGATORIES

HAMMOCK'S COMMUNITY ASSOCIATION, INC. (hereinafter "the association"), by

and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 33 and 34, and the Local

Rules of this Court, responds and objects to Debtors' Third Set of Interrogatories as follows:

### GENERAL OBJECTIONS

1.      The Association objects to Debtors' Third Set of Interrogatories in that Debtors'

counsel has plagiarized the work of the undersigned and copied verbatim most of the

definitions and instructions as set forth the Hammock's Community Association, Inc.

Thirds Set of Interrogatories to Debtors propounded on November 4, 2021.

2.      Plaintiff objects to each document request and interrogatory that is overly broad,

unduly burdensome, or not reasonably calculated to lead to the discovery of admissible

evidence.

3.      Plaintiff incorporates by reference every general objection set forth above into

each specific response set forth below.

### OBJECTIONS TO INSTRUCTIONS

4.      Instruction No. 10 seeks the production of document that is overly broad, unduly

burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving said objections, the association has produced to Debtors' counsel the following: Corporate taxes from 2015 to 2019, Recent bank statement for all association accounts, and a copy of the latest budget. The information has been provided to Debtors' counsel after counsel has assured confidentiality as to all this information based upon the private financial information of the association. Further, the association has agreed to stipulate that the association has the ability to pay punitive damages.

### RESPONSES

1.      What is the new position of the person answer these questions?

Objection: Vague and confusing.

Response: Jesus Cue, is the controller answering these interrogatories; however, it is not a "new" position.

2.      Identify each and every person you may call or intend to call as a witness to testify in opportunities to the Debtor's claim for emotional distress and for punitive damages including but not limited to experts and officers of the board of the Association.

Dr. Henry Storper, M.D.

Jesus Cue, Controller, Hammocks Community Association

3.      For each witness identified in Interrogatory No. 2, identify:

a) His/her current occupation, address, and telephone number;

Response: See attached documentation regarding Dr. Storper's Curriculum Vitae. For Jesus Cue, address any correspondence to the office of the undersigned.

b) The subject matter upon which he/she is expected to testify; and

Response: Dr. Storper will testify as to his findings regarding the independent psychiatric evaluations of the Debtors. The reports are pending and will be forwarded to Debtors' counsel

upon receipt by the undersigned.  Jesus Cue will testify as to the financial matters of the association.

    c)  The relationship if any to Marglli Gallego or the Hammocks Community Association, Inc.

Response:  Dr. Storper – none.  Jesus Cue is the controller for the Association.

    d)  List each and every vehicle owned by the Association and include mileage, VIN numbers, and amount owned on said vehicle and to whom.

Response: List of vehicles already provided to Debtors' counsel

4.        Number 4 was skipped in the Debtors Interrogatories.

5.        List the addresses of all real property owned by the Association.

Response:  List of real property owned by the association already provided to Debtors' counsel.

6.        List all furniture owned by the Association.

Objection:  Seeks the production of information that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.  The association does not maintain a current list of all its furniture.

7.        List all bank accounts owned by the Association with the last four digits of the account number and balances in those accounts.

Objection: Seeks the production of information that is not reasonably calculated to lead to the discovery of admissible evidence.

Response:  Without waiving objection, statements for the Associations' bank accounts has already been provided to Debtors' counsel.

8.        List all accounts receivable owed to the Association.

Response: All accounts receivables have already been produced to Debtors' counsel.

9.      There is an allegation by the State of Florida that Marglli Gallego has stolen from the Association an amount between $100,000.00 and $1,000,000.00. Explain in detail how and when you found out about this theft. If the answer to this interrogatory is you don't know, although you are the person with the most knowledge regarding the finances of the association that is a satisfactory response.

Objection: Leading, Confusing, and not reasonably calculated to lead to the discovery of admissible evidence.

Response: The Association does not comment on ongoing criminal investigations.

10.      There was a "tree letter" that talks about money owed to the Association by an insurance company that will reimburse the Association reserve.

Objection: Assumes a fact/exhibit not in evidence, improper characterization, and irrelevant. No documents were attached to the interrogatories sufficient for the responding party to form a response

Response: I don't know what this refers to.

11.      If not described above, what other assets does the Association have.

Objection: Confusing and Ambiguous.

Response: None: