**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In Re:                                                          Case Number: 17-20358-LMI
                                                                     Chapter 13
JOSUE CEPERO and
LETICIA CEPERO

_____ Debtor(s)        /

## HAMMOCKS COMMUNITY ASSOCIATION, INC. and MARGLLI GALLEGO'S MOTION TO STRIKE EXPERT WITNESSES

Respondents, Hammocks Community Association, Inc. and Marglli Gallego, hereby file their Motion to Strike Expert Witnesses and in support thereof state:

1.      On October 27, 2021, this Court held both Hammocks Community Association and Marglli Gallego in contempt for having violated stay away orders issued by this Court, and this Court requested an additional evidentiary hearing on December 30, 2021 on the issues of emotional distress damages and the ability of the parties to pay punitive damages (ECF 339).

2.      As part of this Order, all parties must exchange exhibit and witness lists no later than 4:00 p.m. prior to the evidentiary hearing. *See Para. e(iv) and e(v), Page 11 of ECF 339.*

3.      Furthermore, this Court ordered all discovery to be completed no later than seven days prior to the hearing and shortened the time for responses to discovery to fourteen days. *Para. e(iii), Page 11 of ECF 339.*

4.      Pursuant to this Order, the undersigned propounded discovery to the Debtors on November 4, 2021.  Attached herewith as Exhibit "A".

5.      On November 29, 2021, the undersigned filed a Motion to Compel for incomplete answers to the discovery requests.  (ECF 348).

6.      On December 8, 2021, this Court heard the Motion to Compel and issued an Order, that

compelled the Debtors to "completely respond to Interrogatory No. 3 to including the subject matter that each witness will testify to; Interrogatory Nos. 4 through 5 to include specific details as to the claim of emotional distress by the Debtors; completely respond to Interrogatory Nos. 7 through 8, and completely respond to Interrogatory No. 13 by no later than 5 pm on December 10, 2021. " (ECF 352).

7.      In addition, the Order further stated, "Debtors' counsel has stated that his experts will be preparing expert reports pursuant to Fed. R. Civ. Proc. 26(a)2(b) and provide those to opposing counsel by no later than 5 pm on December 10, 2021, as well as recent curriculum vitae and/or résumé for each expert." (ECF 352).

8.      On December 10, 2021, Debtors' counsel sent the following "Amended Answers" to the undersigned and advised the undersigned that he was having problems with the expert witnesses. Attached herewith as Exhibit "B".

9.      On December 20, 2021, Debtors' counsel emailed a curriculum vitae from Francis Pena, LCSW to the undersigned. Attached herewith as Exhibit "C".

10.     On December 21, 2021, Debtors' counsel emailed a "report" from Francis Pena. Attached herewith as Exhibit "D".

11.     Debtors' counsel lists various expert witnesses in the Amended Answers to Interrogatories and Debtors Witness lists. "Dr. Frances Pena, Dr. Marjorie Caro, and Oscar Danilo Pozo". *See, Para. 13 of Exhibit B; and Nos. 4, 5, and 6 of Debtors' Witness List (ECF 369).*

12.     Debtors' counsel has failed to provide the curriculum vitaes and expert reports for Dr. Marjorie Caro and Oscar Danilo Pozo as was required by this Court Order on Motion to Compel (ECF 352).

13.     The undersigned has been in constant communication with Debtors' attorney who has

kept relaying that he is "having problems with the medical witnesses".

14.     Hammocks Community Association and Marglli Gallego would be materially prejudiced

should Dr. Caro and Dr. Pozo be allowed to testify.

WHEREFORE, Respondents Hammocks Community Association and Marglli Gallego

respectfully request that this Court strike Dr. Marjorie Caro and Dr. Oscar Danilo Pozo from

Debtors' witness list and not allow them to testify.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern
District of Florida and I am in compliance with the additional qualifications to practice in this Court set
forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was transmitted to the
parties listed below via electronic delivery on this 28th day of December 2021:

Michael J. Brooks, Esq. on behalf of Debtors; pleadings@bankruptcynow.com,
mbrooks@bankruptcynow.com;brooks.michaelr100502@notify.bestcase.com

Nancy K. Neidich
e2c8f01@ch13miami.com, ecf2@ch13miami.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

                              /s/ Miguel Parlade
                              Miguel Parlade, Esq.
                              Fla. Bar. 388068
                              Attorney for Marglli Gallego and
                              Hammocks Community Association
                              P.O. Box 771747
                              Miami, FL 33177
                              (305) 235-9040
                              parladelaw@gmail.com

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

JOSUE CEPERO and
LETICIA CEPERO

           Debtors.

_____/

CASE NO. 17-20358-LMI
CHAPTER 13

THIRD SET OF INTERROGATORIES

PROPOUNDING PARTY:  HAMMOCKS COMMUNITY ASSOCIATION, INC.

RESPONDING PARTY: JOSUE CEPERO AND LETICIA CEPERO

Pursuant to Fed. R. Civ. P. 33, 34, and 36, made applicable to this proceeding pursuant to Rules 7033, 7034, 7036 and 9014 of the Fed. R. Bankr. P., and the Order on Sanctions and Setting Further Evidentiary Hearing (D.E. 339); Hammocks Community Association Inc. (hereinafter "Association") hereby requests that Debtors, Josue Cepero and Leticia Cepero, prepare and file answers, separately and fully, in writing and under oath, to these discovery requests and serve a copy of such answers upon the attorneys for the Association by November 18, 2021 as instructed by paragraph iii of this Court's Order on Sanctions and Setting Further Evidentiary Hearing.

**DEFINITIONS**

1. As used herein, please note the terms "you", "your", "Debtor", and "Debtors" refers to Josue Cepero and/or Leticia Cepero, individually and collectively.

2. As used herein, the term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, government body, group of natural persons, or other entity.

1

3.    As used herein, please note the term "Association" refers to Hammocks Community Association, Inc.

4.    As used herein, please note the term "Heron" refers to Heron at the Hammocks Condominium Association, Inc.

5.    As used herein, please not the term "Motion for Contempt" refers to "Debtor's Motion for Contempt against Hammocks Community Association, Inc., and its President, Marglli Gallego for failure to abide by this Court's Agreed Order dated December 3, 2018 (ECF 191) on the Debtor's Amended Motion for Contempt against Hammocks Community Asiociation, Inc., and It's President, Marglli Gallego and request an evidentiary hearing" (D.E. 199).

6.    As used herein, the term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, government body, group of natural persons, or other entity.

7.    As used herein, the term "relates to" or "relating to" means referring to, concerning, documenting, responding to, containing, regarding, discussing, documenting, describing, reflecting, analyzing, constituting, disclosing, employing, defining, stating, explaining, summarizing, or in any way pertaining to.

8.    As used herein, the terms "and" as well as "or" shall be construed both disjunctively and conjunctively so as to bring within the scope of each of these requests any information which otherwise might be construed to be outside the scope of any request.

9.    The use of the singular form of any word includes the plural, and the use of the plural includes the singular.

**INSTRUCTIONS**

1. These requests are directed towards all information that is available to you, including information contained in your records and documents, or within information and documents within your custody and/or control. All answers to each request for admission shall specifically admit or deny each individual statement or set forth in detail the reasons why the statement cannot be admitted or denied.

2. Pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure, these interrogatories are continuing so as to require the filing of subsequent answers promptly in the event that answering party, by or through any of their agents, counsels or other representatives, learn additional facts relevant to any answers not set forth in their answers to these Interrogatories or discover that any information given in an answer or answers is erroneous.

3. Each interrogatory is to be answered separately and as completely as possible. The veracity (truth) of the answers must be attested to by the person answering. The fact that investigation is continuing or that discovery is not complete does not excuse failure to answer each interrogatory as fully as possible. The omission of any name, fact, or other item of information from an answer shall be deemed a representation that such name, fact, or other item is not known to the answering party, his agents, counsel, or other representatives at the time the answers to these Interrogatories are served.

4. Where an Interrogatory contains a general question or questions, followed by a specific question or questions, the specific question or questions are to be read and interpreted as requesting additional information, not as limiting the general question or questions.

3

5. With respect to each Interrogatory, identify each and every document prepared by, or in the possession, custody, or control of you or any of your officers, agents, or employees that relates to or refers to the subject matter of the Interrogatory in question.

6. Whenever information is requested in one of the following Interrogatories or subparts thereof that you previously furnished in answer to another Interrogatory herein, such information need not be restated. It will be sufficient for you to identify the previous answer containing the information requested.

7. Whenever an Interrogatory calls for information that is not available to you in the form requested but which is available in another form or can be obtained at least in part from other data in your possession, so state and either (i) supply the information requested in the form in which it is available or (ii) supply the data from which the information requested can be obtained.

8. If you claim a privilege with respect to information pertaining to any document that you are asked to identify or describe in these Interrogatories, furnish a list signed by counsel giving the following information with respect to each such document:

a. The title of the document;

b. The nature of the document, e.g., interoffice memorandum, correspondence, report, etc.

c. The identity of the sender and the identity of the recipient(s) of the document;

d. A statement of the basis upon which the privilege is claimed and a summary of the subject matter of the document in sufficient detail to permit the Court to rule on the propriety of the claim of privilege; and

e. The paragraph number of the Interrogatory to which the document is responsive or otherwise pertains.

4

9. Interrogatories calling for numerical or chronological information shall be deemed, to the extent that precise figures or dates are not known, to call for estimates. In each instance that an estimate is given, identify it as such together with the source of information upon which you base the estimate.

## **INTERROGATORIES**

1.  What is your name and address of the person answering these interrogatories, and if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.  Identify each and every person that you may call or intend to call as a witness to testify concerning the matters relating to your claim for emotional distress and punitive damages.

3.  For each witness identified in Interrogatory No. 1, identify:

a)  His/her current occupation, address, and telephone number;

b)  The subject matter upon which he/she is expected to testify; and

c)  The relationship of that person to the debtor(s).

4.  Describe in detail how Josue Cepero suffered significant emotional distress as a result of the incident that occurred on May 15, 2019 as alleged in the Debtors' Motion for Contempt.

5.  Describe in detail how Leticia Cepero suffered significant emotional distress as a result of the incident that occurred on May 15, 2019 as alleged in the Debtors' Motion for Contempt.

6. Describe in detail how Leticia Cepero suffered significant emotional distress as a result of the incident that occurred when Marglli Gallego filed a lawsuit against Leticia Cepero during November 2020.

7. List the names and business addresses of each physician, psychologist, and/or psychiatrist who has treated or examined you, and each medical facility where you have received any treatment or examination for the injuries you claim to have suffered as a result of the emotional distress described in Interrogatory number 4; and state as to each the date of treatment or examination and the injury or condition for which you were examined or treated.

8. List the names and business addresses of each physician, psychologist, and/or psychiatrist who has treated or examined you, and each medical facility where you have received any treatment or examination for the injuries you claim to have suffered as a result of the emotional distress described in Interrogatory number 5; and state as to each the date of treatment or examination and the injury or condition for which you were examined or treated.

9. List the names and business addresses of each physician, psychologist, and/or psychiatrist who has treated or examined you, and each medical facility where you have received any treatment or examination for the injuries you claim to have suffered as a result of the emotional distress described in Interrogatory number 6; and state as to each the date of treatment or examination and the injury or condition for which you were examined or treated.

10. List the names and business addresses of all physicians, psychiatrists, psychologists, medical facilities, or other health care providers by whom or at which Leticia Cepero has

6

been examined or treated from January 1, 2015 to the present; and state as to each the dates of treatment.

11. List the names and business addresses of all physicians, psychiatrists, psychologists, medical facilities, or other health care providers by whom or at which Josue Cepero has been examined or treated from January 1, 2015 to the present; and state as to each the dates of treatment.

12. List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge your claim for emotional distress.

13. Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

Dated November 4, 2021

LAW OFFICES OF MIGUEL PARLADÉ, P.A.
Attorney for Hammocks Community Association
P.O. Box 771747
Miami, Florida 33177
Telephone: (305) 235-9040

By: ___/s_____
MIGUEL PARLADÉ, ESQ.
FL BAR NO.: 0388068

7

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

JOSUE CEPERO and
LETICIA CEPERO

OF

        Debtors.

_____/

CASE NO. 17-20358-LMI
CHAPTER 13

SECOND REQUEST FOR PRODUCTION
OF DOCUMENTS

PROPOUNDING PARTY: HAMMOCKS COMMUNITY ASSOCIATION, INC.

RESPONDING PARTY: JOSUE CEPERO AND LETICIA CEPERO

      Pursuant to Fed. R. Civ. P. 33, 34, and 36, made applicable to this proceeding pursuant to Rules 7033, 7034, 7036 and 9014 of the Fed. R. Bankr. P., and the Order on Sanctions and Setting Further Evidentiary Hearing (D.E. 339); Hammocks Community Association Inc. (hereinafter "Association") hereby requests that Debtors, Josue Cepero and Leticia Cepero, prepare and file answers, separately and fully, in writing and under oath, to these discovery requests and serve a copy of such answers upon the attorneys for the Association by November 18, 2021, as instructed by paragraph iii of this Court's Order on Sanctions and Setting Further Evidentiary Hearing.

## **DEFINITIONS**

  1. As used herein, please note the terms "you", "your", "Debtor", and "Debtors" refers to Josue Cepero and/or Leticia Cepero, individually and collectively.

  2. As used herein, the term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, government body, group of natural persons, or other entity.

1

3.   As used herein, please note the term "Association" refers to Hammocks Community Association, Inc.

4.   As used herein, please note the term "Heron" refers to Heron at the Hammocks Condominium Association, Inc.

5.   As used herein, please not the term "Motion for Contempt" refers to "Debtor's Motion for Contempt against Hammocks Community Association, Inc., and its President, Marglli Gallego for failure to abide by this Court's Agreed Order dated December 3, 2018 (ECF 191) on the Debtor's Amended Motion for Contempt against Hammocks Community Association, Inc., and It's President, Marglli Gallego and request an evidentiary hearing" (D.E. 199).

6.   As used herein, the term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, government body, group of natural persons, or other entity.

7.   As used herein, the term "relates to" or "relating to" means referring to, concerning, documenting, responding to, containing, regarding, discussing, documenting, describing, reflecting, analyzing, constituting, disclosing, employing, defining, stating, explaining, summarizing, or in any way pertaining to.

8.   As used herein, the terms "and" as well as "or" shall be construed both disjunctively and conjunctively so as to bring within the scope of each of these requests any information which otherwise might be construed to be outside the scope of any request.

9.   The use of the singular form of any word includes the plural, and the use of the plural includes the singular.

## INSTRUCTIONS

1. These requests encompass all items within your possession, custody or control.

2. Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objections shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.

3. All documents which are to be produced shall be produced as they are kept in the usual course of business or shall be organized and labeled in a manner clearly identifying and indicating the documents or tangible things being produced in response to the particular request.

4. This request is deemed to be continuing in nature, and in the event you become aware of or acquire in your possession, custody or control additional responsive documents, you are requested to produce promptly such additional documents for inspection and copying.

5. If in responding to these requests you encounter any ambiguity in construing any request, instructions or definition, set forth the matter deemed ambiguous and the construction used in responding thereto.

6. If any document cannot be produced in full or in part, you shall state, in writing, the reasons for your inability to produce all or any portion of the document requested and serve those reasons on defendants at the time required for response.

7. If any requested documents are withheld under a claim of privilege, identify each such document and state the date of the document, identify its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a summary of the subject matter of the document, its present location and custodian, the basis upon which the asserted privilege is claimed, and the requests to which the

document is responsive.

8. If any of requested documents have been destroyed, furnish a list identifying each such document, its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a summary of the substance of the document, the date upon which it was destroyed and the reason it was destroyed.

## **REQUEST FOR DOCUMENTS**

1. Produce each Document that Debtors expect to introduce at hearing for sanctions on 12/30/2021 as set forth by this Courts Order on Sanctions and Setting Further Evidentiary Hearing (D.E. 339).

2. All reports prepared by any experts expected to testify on behalf of the Debtors at the evidentiary hearing in this matter and all documents used by said experts in forming their opinions.

3. All medical records; including medical reports, surgical records, c.d.'s, notes, electronically stored data, or memoranda; relating in any way to Josue Cepero's physical or medical condition, illnesses or disabilities, mental condition, psychiatric conditions, and prescribed medications from January 1, 2015 to the present.

4. All medical records; including medical reports, surgical records, c.d.'s, notes, electronically stored data, or memoranda; relating in any way to Leticia Cepero's physical or medical condition, illnesses or disabilities, mental condition, psychiatric conditions, and prescribed medications from January 1, 2015 to the present.

5. All documents referred to in your Answers to Interrogatories.

4

6. All medical records pertaining to treatment rendered by any physician, psychiatrist, psychologist, hospital, or other medical practitioner or facility to Josue Cepero from January 1, 2015 to the present.

7. All medical records pertaining to treatment rendered by any physician, psychiatrist, psychologist, hospital, or other medical practitioner or facility to Leticia Cepero from January 1, 2015 to the present.

8. A copy of your expert's most recent curriculum vitae.

Dated November 4, 2021

                               LAW OFFICES OF MIGUEL PARLADÉ, P.A.
                               Attorney for Hammocks Community Association
                               P.O. Box 771747
                               Miami, Florida 33177
                               Telephone: (305) 235-9040

                               By: ___/s_____
                               MIGUEL PARLADÉ, ESQ.
                               FL BAR NO.: 0388068

# Exhibit B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

JOSUE CEPERO and
LETICIA CEPERO

CASE NO. 17-20358-LMI
CHAPTER 13

Debtors.

AMENDED ANSWERS TO THIRD
SET OF  INTERROGATORIES

_____/

PROPOUNDING PARTY: HAMMOCKS COMMUNITY ASSOCIATION, INC.

RESPONDING PARTY: JOSUE AND LETICIA CEPERO

     Pursuant to Fed. R. Civ. P. 33, 34, and 36, made applicable to this proceeding pursuant to Rules 7033,7034, 7036 and 9014 of the Fed. R. Bankr. P., and the Order on Sanctions and Setting Further Evidentiary Hearing (D.E 339); Hammocks Community Association Inc. (hereafter "Association") hereby requests that Debtors, Josue Cepero and Leticia Cepero, prepare and file answers, separately and fully, in writing and under oath, to these discovery requests and serve a copy of such answers upon attorneys for the Association by November 18, 2021 as instructed by paragraph iii of this Court's Order on Sanctions and Setting Further Evidentiary Hearing.

## **DEFINITIONS**

    1.  As used herein, please note the terms "you", "your', "Association" refers to Hammocks Community Association Inc. or any afflicted or other individual or company owned or in partnership with the Association and collectively.

    2.  As used herein, the term "person" means any natural person, individual, proprietorship, corporation, association, organization, joint venture, firm, other business

**IN RE: JOSUE CEPERO AND LETICIA CEPERO**
**BANKTUPTCY CASE NO. 17-20358-LMI (CHAPTER 13)**

enterprise, government body, group of natural persons, or other entity.

3. As used herein, please note the term "Association" refers to Hammocks Community Association, Inc.

4. As used herein, please note the term "Heron" refers to Heron at the Hammocks Condominium Association, Inc.

5. As used herein, please note the term "Motion for Contempt" refers to "Debtor's Motion for Contempt against Hammocks Community Association, Inc., and its President, Marglli Gallego, for failure to abide by this Court's Agreed Order dated December 3, 2018 (ECF 191) on the Debtor's Amended Motion for Contempt against Hammocks Community Association, Inc., and it's President, Marglli Gallego and request an evidentiary hearing" (D.E 199).

6. As used herein, the term "person" means any natural person, individual, proprietorship, partnership, corporations, association, organization, joint venture, firm, other business enterprise, government body, group of natural persons, or other entity.

7. As used herein, the term "relates to" or relating to" means referring to, concerning, documenting, responding to, containing, regarding, discussing, documenting, describing, reflecting, analyzing, constituting, disclosing, employing, defining, stating, explaining, summarizing, or in any way pertaining to.

8. As used herein, the terms "and" as well as "or" shall be construed both disjunctively and conjunctively so as to bring within the scope of each of these requests any information which otherwise, might be construed to be outside the scope of any request.

9. The use of the singular form of any word includes the plural, and the use of the plural includes the singular.

IN RE: JOSUE CEPERO AND LETICIA CEPERO
BANKTUPTCY CASE NO. 17-20358-LMI (CHAPTER 13)

## INSTRUCTIONS

1.   These requests are directed towards all information that is available to you, including

information contained in your records and documents or within information and documents

within your custody and/ or control. [All answers to each request for admission shall

specifically admit or deny each individual statement or set forth in detail in reasons why the

statement cannot be admitted or denied.] Not in ours.

2.   Pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy

Procedure, these interrogatories are continuing so as to require the filling of subsequent

answers promptly in the event that answering party, by or through any of their agents,

counsel or other representatives, learn additional facts relevant to answers not set forth in

their answers to these Interrogatories or discover that any information given in an answer or

answers is erroneous.

3.   Each interrogatory is to be answered separately and as completely as possible. The

veracity (truth) of the answers must be attested to by the person answering. The fact that

investigation is continuing or that discovery is not complete does not excuse failure to answer

each interrogatory as fully as possible. The omission of any name, fact, or other item of

information from an answer shall be deemed a representation that such name, fact, or other

item is not known to the answering party, his agents, counsel, or other representatives at the

time the answers to these Interrogatories are served.

4.   Where an Interrogatory contains a general question or questions, followed by a specific

question or questions, the specific question or questions are to be read and interpreted as

requesting additional information, not as limiting the general question or questions.

5.   With respect to each Interrogatory, identify each and every document prepared by, or in

**IN RE: JOSUE CEPERO AND LETICIA CEPERO**
**BANKTUPTCY CASE NO. 17-20358-LMI (CHAPTER 13)**

the possession, custody, or control of you or any of your officers, agents, or employees that relates to or refers to the subject matter of the Interrogatory in questions.

6.   Whenever information is requested in one of the following Interrogatories or subparts thereof that you previously furnished in answer to another Interrogatory herein, such information need not be restated. It will be sufficient for you to identify the previous answer containing the information requested.

7.   Whenever an Interrogatory calls for information that is not available to you in the form requested but which is available in another form or can be obtained at least in part from other date in your possession, so state and either (i) supply the information requested in the form in which it is available or (ii) supply data from which the information requested can be obtained.

8.   If you claim a privilege with respect to information pertaining to any document that you are asked to identify or describe in these Interrogatories, furnish a list signed by counsel giving the following information with respect to each such document:

a.   The title of the document;

b.   The nature of the document. e.g., interoffice memorandum, correspondence, report, etc.

c.   The identity of the sender and the identity of the recipient(s) of the document;

d.   A statement of basis upon which the privilege is claimed and a summary of the subject matter of the document in sufficient detail to permit the Court to rule on the propriety of the claim of privilege; and

e.   The paragraph number of the Interrogatory to which the document is responsive or otherwise pertains.

9.   Interrogatories calling for numerical or chronological information shall be deemed, to the

**IN RE: JOSUE CEPERO AND LETICIA CEPERO**
**BANKTUPTCY CASE NO. 17-20358-LMI (CHAPTER 13)**

extent that precise figures or dates are not known, to call for estimates. In each instance that

an estimate is given, identify it as such together with the source of information upon which

you base the estimate.

## ANSWERS TO INTERROGATORIES

1. What is your name and address of the person answering these interrogatories, and if
   applicable, the person's official position or relationship with the party to whom the
   interrogatories are directed?

   - Josue Cepero and Leticia Cepero, 20205 S.W 14th Ct, Miami, FL 33189.

2. Identify each and every person that you may call or intend to call as a witness to testify
   concerning the matters relating to your claim for emotional distress and punitive
   damages.

   - Frances Pena, LCSW.

   - Dr. Marjorie Caro, Psychiatrist.

   - Oscar Danilo Pozo, LCSW.

   - Josue Cepero, and Leticia Cepero.

   - Marglli Gallego

   - The person at the Hammocks Association who has the most knowledge of the
     finances of the Hammocks Association.

3. For each witness identified in Interrogatory No. 2, identify:

a) His/ her current occupation, address, and telephone number;

   - Frances Pena, LCSW, 15160 S.W 136 St, Miami, FL, 33196, 305-975-4049.

   - Dr. Oscar Danilo Pozo, Psychiatrist,11880 S.W 40 St, Miami, FL33175, 305-554-
     0808.

   - Dr. Marjorie Caro, Psychiatrist, 5860 W Flagler St, Miami, FL 33144, 305-264-7808.

**IN RE: JOSUE CEPERO AND LETICIA CEPERO**
**BANKTUPTCY CASE NO. 17-20358-LMI (CHAPTER 13)**

- Josue Cepero, disabled, and Leticia Cepero, unemployed, 20205 S.W 14 Ct, Miami, FL 33189.

b) The subject matter upon which he/she is expected to testify; and

- Dr. Marjorie Caro is expected to testify that Josue Cepero has significant anxiety due to the financial stress that caused him to file bankruptcy and because of the problems he has been having with his wife due to struggles because of the conflict with the Association and Marglli Gallego.

- Frances Pena, LCSW, is expected to testify that Leticia Cepero has major anxiety and depression due to her conflict with the Association and their representatives.

- Oscar Danilo Pozo is expected to testify that Leticia Cepero is under enormous stress due to the conflict with the Association and Marglli Gallego. Oscar Danilo Pozo will discuss Ms. Cepero's disorders and the medication she is taking.

c) The relationship of that person to the debtor(s).

- Medical professionals.

4. Describe in detail how Josue Cepero suffered significant emotional distress as a result of the incident that occurred on May 15, 2019, as alleged in the Debtor's Motion for Contempt.

- Josue Cepero saw Dr. Marjorie Caro, a psychiatrist, starting on October 3, 2018. He sought help for financial issues and intimacy problems with his wife. Although Mr. Cepero saw Dr. Caro six times; The Association was only mentioned in the medical records at their last appointment on February 25, 2020. Dr. Caro no longer accepted Mr. Cepero insurance so he stopped going to see Dr. Caro on February 25, 2020.

5. Describe in detail how Leticia Cepero suffered significant emotional distress as a result

IN RE: JOSUE CEPERO AND LETICIA CEPERO
BANKTUPTCY CASE NO. 17-20358-LMI (CHAPTER 13)

of the incident that occurred on May 15, 2019, as alleged in the Debtor's Motion for

Contempt.

- Leticia Cepero saw Oscar Danilo Pozo, a psychiatrist, starting on June 23, 2020. Dr.
Pozo determined at that time Ms. Cepero was suffering from acute stress reaction,
major depression disorder, recurrent sever without psychotic features and general
anxiety disorder. He prescribed several medications for these symptoms and her sleep
disorder. She was diagnosed with Covid-19 in April 2020 which added to her stress.
Ms. Cepero was again seen August 3, 2021 and was diagnosed with PTSD,
unspecified anxiety disorder, unspecified and major depressive disorder, unspecified.
The prescriptions were refilled.

6. Describe in detail how Leticia Cepero suffered significant emotional distress as a result
of the incident that occurred when Marglli Gallego filed a lawsuit against Leticia Cepero
during November 2020.

- Increase in anxiety but spoke with Attorney Michael Brooks and felt relieved.

7. List the names and business addresses of each physician, psychologist and/or psychiatrist
who has treated or examined you, and each medical facility where you have received any
treatment or examination for the injuries you claim to have suffered as a result of the
emotional distress described in Interrogatory number 4; and state as to each the date of
treatment or examination and the injury or condition for which were examined or treated.

- Dr. Marjorie Caro, psychiatrist, 5860 W Flagler St, Miami, FL 33144 treated Josue
Cepero the following dates: July 30, 2018, August 27, 2019, October 3, 2018,
October 4, 2019, November 12, 2019, February 25, 2020.

8. List the names and business addresses of each physician, psychologist and/or psychiatrist

IN RE: JOSUE CEPERO AND LETICIA CEPERO
BANKTUPTCY CASE NO. 17-20358-LMI (CHAPTER 13)

who has treated or examined you, and each medical facility where you have received any

treatment or examination for the injuries you claim to have suffered as a result of the

emotional distress described in Interrogatory number 5; and state as to each the date of

treatment or examination and the injury or condition for which were examined or treated.

- Jillian Brito, ARNP, Sanitas Medical Center, 7135 S.W 117th Ave, Miami, FL 33183 treated Leticia Cepero on March 8, 2017.

- Indira Toriac, ARNP, Sanitas Medical Center, 7135 S.W 117th Ave, Miami, FL 33183 treated Leticia Cepero on March 29, 2017.

- Reinaldo Hernandez, MD, Sanitas Medical Center, 7135 S.W 117th Ave, Miami, FL 33183 treated Leticia Cepero on April 20, 2017.

- Beatriz Ruiz, ARNP, Sanitas Medical Center, 7135 S.W 117th Ave, Miami, FL 33183 treated Leticia Cepero on May 8, 2017.

- Emelio Gonzalez, MD, Sanitas Medical Center, 7135 S.W 117th Ave, Miami, FL 33183 treated Leticia Cepero on June 13, 2017.

- Emelio Gonzalez, MD, Sanitas Medical Center, 7135 S.W 117th Ave, Miami, FL 33183 treated Leticia Cepero on July 14, 2017.

- Emilio Gonzalez, MD, Sanitas Medical Center, 7135 S.W 117th Ave, Miami, FL 33183 treated Leticia Cepero on September 20, 2017.

- Emelio Gonzalez, MD, Sanitas Medical Center, 7135 S.W 117th Ave, Miami, FL 33183 treated Leticia Cepero on November 16, 2017.

- Emilio Gonzalez, MD, Sanitas Medical Center, 7135 S.W 117th Ave, Miami, FL 33183 treated Leticia Cepero on April 3, 2019.

- Emelio Gonzalez, MD, Sanitas Medical Center, 7135 S.W 117th Ave, Miami, FL 33183 treated Leticia Cepero on November 9, 2019.

- Reinaldo Hernandez, MD, Sanitas Medical Center, 7135 S.W 117th Ave, Miami, FL 33183 treated Leticia Cepero on April 8, 2020.

- Reinaldo Hernandez, MD, Sanitas Medical Center, 7135 S.W 117th Ave, Miami, FL 33183 treated Leticia Cepero on April 23, 2020.

- Frances Pena, LCSW, 15160 SW 136 ST, Miami, FL 33196 treated Leticia on May 25, 2020.

**IN RE: JOSUE CEPERO AND LETICIA CEPERO**
**BANKTUPTCY CASE NO. 17-20358-LMI (CHAPTER 13)**

- Oscar Danilo Pozo, MD, Sanitas Medical Center, 7135 S.W 117th Ave, Miami, FL 33183 treated Leticia Cepero on June 23, 2020.

- Daniela Ibarra, APRN, Sanitas Medical Center, 7135 S.W 117th Ave, Miami, FL 33183 treated Leticia Cepero on August 3, 2020.

- Belkis Aguila, APRN, Sanitas Medical Center, 7135 S.W 117th Ave, Miami, FL 33183 treated Leticia Cepero on October 15, 2020.

- Frances Pena, LCSW, 15160 SW 136 ST, Miami, FL 33196 treated Leticia on November 2, 2020.

- Frances Pena, LCSW, 15160 SW 136 ST, Miami, FL 33196 treated Leticia on November 3, 2020.

- Frances Pena, LCSW, 15160 SW 136 ST, Miami, FL 33196 treated Leticia on November 6, 2020.

- Frances Pena, LCSW, 15160 SW 136 ST, Miami, FL 33196 treated Leticia on November 10, 2020.

- Frances Pena, LCSW, 15160 SW 136 ST, Miami, FL 33196 treated Leticia on December 6, 2020.

- Frances Pena, LCSW, 15160 SW 136 ST, Miami, FL 33196 treated Leticia on December 19, 2020.

- Frances Pena, LCSW, 15160 SW 136 ST, Miami, FL 33196 treated Leticia on January 2, 2021.

- Frances Pena, LCSW, 15160 SW 136 ST, Miami, FL 33196 treated Leticia on January 23, 2021.

- Oscar Danilo Poszo, MD, Sanitas Medical Center, 7135 S.W 117th Ave, Miami, FL 33183 treated Leticia Cepero on February 19, 2021.

- Reinaldo Hernandez, MD, Sanitas Medical Center, 7135 S.W 117th Ave, Miami, FL 33183 treated Leticia Cepero on February 24, 2021.

- Aimee Gonzalez, MD, Sanitas Medical Center, 7135 S.W 117th Ave, Miami, FL 33183 treated Leticia Cepero on April 21, 2021.

- Belkis Aguila, APRN, Sanitas Medical Center, 7135 S.W 117th Ave, Miami, FL 33183 treated Leticia Cepero on May 6, 2021.

### IN RE: JOSUE CEPERO AND LETICIA CEPERO
### BANKTUPTCY CASE NO. 17-20358-LMI (CHAPTER 13)

- Frances Pena, LCSW, 15160 SW 136 ST, Miami, FL 33196 treated Leticia on May 22, 2021.

- Frances Pena, LCSW, 15160 SW 136 ST, Miami, FL 33196 treated Leticia on June 15, 2021.

- Frances Pena, LCSW, 15160 SW 136 ST, Miami, FL 33196 treated Leticia on July 23, 2021.

- Oscar Danilo Pozo, MD, Sanitas Medical Center, 7135 S.W 117th Ave, Miami, FL 33183 treated Leticia Cepero on August 3, 2021.

- Diana Arguedas, APRN, Sanitas Medical Center, 7135 S.W 117th Ave, Miami, FL 33183 treated Leticia Cepero on October 29, 2021.

9. List the names and business addresses of each physician, psychologist and/or psychiatrist who has treated or examined you, and each medical facility where you have received any treatment or examination for the injuries you claim to have suffered as a result of the emotional distress described in Interrogatory number 6; and state as to each the date of treatment or examination and the injury or condition for which were examined or treated.

   - None.

10. List the names and business addresses of all physician, psychiatrists, psychologists, medical facilities, or other health care providers by whom or at which Leticia Cepero has been examined or treated from January 1, 2015, to the present; and state as to each the dates of treatment.

   - Dr. George Sanchez. 7500 S.W 87th Ave, #200, Miami, FL 33173.

   - Dr. Daniel Gelrud, 9408 S.W 87th Ave, #200, Miami, FL 33176, (305)-913-0666.

   - Dr. Abilio Cuello, 8950 N. Kendall Dr., #504, Miami, FL 33176, (305)-274-2030.

   - Reinaldo Hernandez, MD, Sanitas Medical Center, 7135 S.W 117th Ave, Miami, FL (844)-665-4827.

11. List the names and business addresses of each physician, psychiatrists, psychologists,

**IN RE: JOSUE CEPERO AND LETICIA CEPERO**
**BANKTUPTCY CASE NO. 17-20358-LMI (CHAPTER 13)**

medical facilities, or other health care providers by whom or at which Josue Cepero has

been examined or treated from January 1, 2015, to the present; and state as to each the

dates of treatment.

- Dr. Gabriel Suarez, 15955 S.W 96 St, #200, Miami, Florida 33196, (786)-467-3140.

- Dr. Rubin Gonzalez, 11780 S.W 89th St, Miami, FL 33186, 305-260-9803.

12. List the names and addresses of all persons who believed or known by you, your agents,

or your attorneys to have any knowledge your claim for emotional distress.

- Josue Cepero and Leticia Cepero, 20205 S.W 14th Ct, Miami, FL 33189.

- Josue Cepero, Jr., 20205 S.W 14th Ct, Miami, FL 33189.

13. Do you intend to call any expert witnesses at the trial of this case? If so, state as to each

such witness the name and business address of the witness, the witness's qualifications as

an expert, the subject matter upon which the witness is expected to testify, the substance

of the facts and opinion to which the witness is expected to testify and a summary of the

grounds for each opinion.

- Dr. Frances Pena, LCSW, 15160 S.W 136 St, Miami, FL 33196, 305-975-4049

- Dr. Marjorie Caro, Doctor, 5860 W Flagler St, Miami, FL 33144, 305-264-7808.

- Oscar Danilo Pozo, LCSW, 15160 SW 136 St, Miami, FL 33196, 305-554-0808.

**IN RE: JOSUE CEPERO AND LETICIA CEPERO**
**BANKTUPTCY CASE NO. 17-20358-LMI (CHAPTER 13)**

Dated: November 19, 2021

LAW OFFICES OF MICHAEL J. BROOKS, ESQ
Attorney for the Debtors
8410 S.W 40th St
Miami, Florida 33155
Telephone: (954)859-6661

_____
**Josue Cepero**

_____
**Leticia Cepero**

By:_____/s/_____
Michael J. Brooks, ESQ
FL BAR NO.:434442

## AFFIDAVIT

STATE OF FLORIDA          )
COUNTY OF MIAMI-DADE      )

    I HERBY CERTIFY that the foregoing AFFIDAVIT was acknowledged before this,_____ day of _____, 2021, ( Josue Cepero and Leticia Cepero,) who is personally known to me or who has produced _____, as identification and who duly did take an oath.

_____
NOTARY PUBLIC

My Commission Expire:

**IN RE: JOSUE CEPERO AND LETICIA CEPERO**
**BANKTUPTCY CASE NO. 17-20358-LMI (CHAPTER 13)**

# Exhibit C

**Frances Pena, LCSW**
16095 SW 150th Street
Miami, Fl. 33196
(Cell) 305/975-4049
**Penafrances830@gmail**.com

**Experience**

6/2014- Present      **Jackson Memorial Hospital / *Ryder Trauma/ ER Social worker* / Miami, Fl.**

Provide crisis intervention to patients and families arriving to Trauma Resus.
Including identifying pt and family, Bio-psycho-social assessments, grief counseling,
discharge planning,  communicate with fire rescue and police dept. SBIR and d/v
assessments and referrals.  Coverage for emergency room as needed. Collaborate
with trauma and emergency medical teams.

9/2009- Present      **Private Practice/ Therapist**

Providing individual, couple and family counseling.

8/2016- 3/2017      **Comprehensive Health Services/ *Lead License Clinical Counselor*/ Homestead, Fl**

 Per diem counselor and supervisor in temporary shelter at homestead.  Conducted
mental health assessments and updated UAC Portal. Provided on-going individual
counseling to unaccompanied youth.  Reported Significant Incidents and provided
necessary follow up. Attended Program meetings and reviewed counselor's
documentation and provided supervision and leadership to team.

10/2012- 4/2017      **Family Counseling Centre/ *Psychotherapist*/ Miami, Fl**

 Individual, Couples, Family therapist. Outpatient ongoing treatment.

2/2007-9/2013      **Jackson South Community Hospital /   *LCSW Adult Psychiatric Unit*   /Miami Fl**

Provided treatment to individuals in crisis. Bio-Psychosocial Assessment, Treatment
Plan, Case Management and Discharge Planning, Crisis Intervention, Individual,
Group and Family Treatment.

9/2002-2/2007       **Jackson Memorial Hospital / *LCSW  Emergency Room Department*/ Miami Fl.**

Assessment and Discharge Planning including referrals to HH, DME, placement in
ACLF, SNF, & Hospice. Individual, grief and family counseling.  Domestic Violence
assessment, identification of unknown patient, suspected abuse and neglect of
children/elderly.

**3/1994-8/2002**    **Health Industry Resources Enterprises, Inc./**  ***OMH Program Director*** **/New York,NY**

Responsible for the day to day operation of the Supported Housing Program, which housed 250 chronically mentally ill adults in the community- Queens and Bronx. Supervised a clinical coordinator, 12 Case managers, and 4 support staff. Collaborated with acute and long term programs to select proper clients for independent living. Worked with NYC Social Work Schools in placement and educational enhancement.

**1/1992- 7/1999**    **Western Queens Consultation Center /**  ***Psychotherapist/*** **Queens, New York**

Evaluations, short and long term therapy. Individual, family and group therapy.

**6/1993-3/1994**    **Elmhurst Hospital /**  ***Coordinating manager/ Supervisor II/*** **Queens, NY**

Helped with Development of policy and procedure manuals.  Supervised Social Workers/Interns and assisted with screenings, concrete and support services for pts, family and group.

**11/1991-6/1993**    **Consolidated Network/ *Bilingual Social Work Consultant, Bd of Education/ NY***

Therapy for latency and adolescent youth

**9/1990-1/1992**  **Double Discovery Center /**  ***Assistant Director, Talent Search*** **/NY, NY**

Responsible for the day to day operation of a federally funded program with total client pool of 825 junior and senior high school students. Supervised 3 f/t counselors, support staff members, volunteer coordinators, tutors and mentors.

**Affiliations**:  Spokeswomen for Women Heart: National Organization educating women at risk for heart disease

**Red Dress Ready Finalist**, Feb 2010

**Seminars:**     Presentation to JMH Social Work and Discharge Planning: Knowing your Risk Factors and Taking Action, April 2005

Parent Seminar: Communicating with Your Child / Western Queens Consultation Center, June 1993

**EDUCATION**:    Columbia University School of Social Work, MS in Social Work, May 1988

State University of New York at Stony Brook, B.A. June 1986

**References**:    Available upon request

# Exhibit D

**Frances Pena, LCSW**

**Psychosocial Assessment/ Case Summary**

**Client:** Leticia Cepero
**DOB:** May 28, 1959
**Date:** December 20,2021

**Presenting Problem:** Leticia Cepero sought this therapist due to extreme anxiety, panic attacks, inability to sleep and inability to function at her baseline. Pt stated "I feel I cannot control my anxiety and fear. I need professional help." Pt has not been able to control her fears and feels very anxious and depressed and was crying during initial session. Pt reports that she is not able to sleep properly and wakes up due to nightmares and flashbacks. Pt feels that she is being harassed by members of the board and feels threatened.

**Personal/Social History:** Leticia Cepero is a 62 yr old married Cuban professional female. Pt grew up with her parents in Cuba and moved to Miami with husband. Pt has been living in the hammocks with husband very happily until the events with the board that brought her to treatment. Pt still informs worker of events that continue to make her fearful and hypervigilant.  Pt unable to sleep and appetite is also impaired. Pt has been able to work in the past as a professional but unable to function at her baseline at this time.

**Mental Status:** Pt is alert, oriented x4 and clean but her appearance has changed significantly.  Pt does not fix her hair or wear makeup and appears very sad. Pt affect is very anxious and admits to being very fearful. Pt at times does become tearful during sessions. Pt preoccupied about her and husband safety. Pt denies auditory/ visual hallucination. Pt denies suicide homicide ideation. Pt is very emotional but appears to have good insight and judgement. Pt hypervigilance appears to have developed after past traumatic incidents with member of board and threats.

**Strengths:** Pt does have good communication skills and family is very supportive. Pt does not have any substance abuse history or psychiatric history in the past.

**Treatment:** I have been working with patient since April 2020 after situation where pt was held against her will for several hours. Pt has informed worker of several incidents after where they have cut her bushes, cars have pulled up to her house with cameras and someone has shaken her doorknob. Pt continues to feel very anxious and depressed. PT has panic attacks and is unable to sleep due to nightmares and fear. Pt has been having sessions via telehealth and in the office. Pt has also requested emergency meetings when she has panic attacks. Pt remains hypervigilant and fearful. Therapist provides ego supportive therapy, DBT, CBT, relaxation techniques. Pt is in treatment with psychiatrist as well to manage extreme symptoms.

**Plan:** Therapist will continue to meet with pt weekly/ as needed to treat her PTSD, Anxiety and Depression. Pt insurance plan still has not made any payments to this worker and pt informs that she will pay privately if insurance does not cover.

DX: Post Traumatic Stress Disorder
     Generalized Anxiety Disorder
     Major Depressive Disorder

Frances Pena, LCSW
SW 8150