## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In Re:                                                                                           Case Number: 17-20358-LMI
                                                                                                 Chapter 13
JOSUE CEPERO and
LETICIA CEPERO

_____Debtor(s)_____/
## OBJECTION TO DEBTORS' COUNSEL TIME SHEETS

Respondents, Hammocks Community Association, Inc. and Marglli Gallego, object to the Debtors' Counsel Time Sheets (ECF 414 & ECF 415) and in support thereof state:

1.  On December 30, 2021, this Court held a proceeding on to determining emotional distress damages and punitive damages for violations of this Court's Orders. (See, ECF *339).*

2.  During the proceeding, Debtors' counsel requested that this Court award attorney fees for the additional proceedings, and this Court ordered debtors' counsel to file a statement of attorney's fees and file it with the Court. (Tr. At 499:21 to 500:15).

3.  In lieu of filing a statement of attorney's fees and costs, Debtors' counsel filed "time sheets" on March 10, 2022. (ECF 414 & 415)

4.  "[T]he burden of proving the reasonableness of attorney's fees is upon the applicant." *In re Bond, 249 B.R. 891 (C.D. Ill. 2000)(citing In re Kenneth Leventhal & Co., 19 F.3d 1174, 1177 (7th Cir.1994); In re Price, 143 B.R. 190, 192 (Bankr.N.D.Ill. 1992).*

5.  Many of the billing entries are vague, general, confusing, and unreasonable.

6.  In addition, Debtors' counsel seeks duplicative compensation for fees for both attorneys.

7.  For example, although they are from the same firm, both attorneys have charges for preparing for trial, attending trial, reviewing transcripts, preparing arguments, revising

arguments, etc.

8. Where multiple attorneys are the working on the same matters, the requested fees should be carefully scrutinized to ensure that compensation is not allowed for an "unnecessary duplication of services". *In Re First State Bancorporation, 2014 WL 1203141 at *4 (Bankr. D.N.M. March 24, 2014). See also In re Brous, 370 B.R. 563, 573 (Bankr. S.D.N.Y. 2007)("The estate did not require two sets of lawyers overseeing [a] transaction…The fees pertaining to these duplicative (and sometimes vaguely described) services will be disallowed, subject to two exceptions.").*

WHEREFORE, Respondents respectfully requests that this Court enter an order sustaining this objection and grant such further relief as the Court deems appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was transmitted to the parties listed below via electronic delivery on this 18th day of March 2022:

Michael J. Brooks, Esq. on behalf of Debtors; pleadings@bankruptcynow.com, mbrooks@bankruptcynow.com;brooks.michaelr100502@notify.bestcase.com

Nancy K. Neidich
e2c8f01@ch13miami.com, ecf2@ch13miami.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

/s/ Miguel Parlade
Miguel Parlade, Esq.
Fla. Bar. 388068
Attorney for Marglli Gallego and
Hammocks Community Association
P.O. Box 771747
Miami, FL  33177
(305) 235-9040
parladelaw@gmail.com