**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In Re:                                                                                                 Case Number: 17-20358-LMI
                                                                                                            Chapter 13
JOSUE CEPERO and
LETICIA CEPERO

_____Debtor(s)_____/
**HAMMOCKS COMMUNITY ASSOCIATION, INC. and MARGLLI GALLEGO'S**
**MEMORANDUM IN OPPOSITION TO DEBTORS' MOTION TO ALTER OR AMEND**
**JUDGMENT, FOR REHEARING, RELIEF FROM JUDGMENT AND/OR**
**RECONSIDERATIONS AS TO ECF 480 (D.E. 489)**

Respondents, Hammocks Community Association, Inc. and Marglli Gallego, hereby file their Memorandum in Opposition to Debtor's Motion to Alter or Amend Judgment, for Rehearing, Relief from Judgment and/or Reconsideration as to ECF 480 and in support thereof state:

1. On December 30, 2021, this Court conducted on evidentiary hearing on damages for violations of this Court's stay away orders and violation of the automatic stay.

2. Specifically, this Court adjudicated the Debtors' request for attorney's fees, emotional distress damages, and punitive damages as to both Marglli Gallego and Hammocks Community Association, Inc.  *(ECF 339).*

3. This Court had previously determined liability on behalf of Respondents and bifurcated the issue of damages.  ("The Amended Contempt Motion seeks attorney fees and reimbursement of costs (including those associated with the November 2020 Lawsuit), punitive damages, and damages for emotional distress. The Debtors did not cite any statute or common law basis for the sanctions they seek leaving it to the Court to guess why they are entitled to recovery. However, the Court specifically advised the parties that the Court would consider evidence of damages after a determination of liability, if any. Having found that the

Association and Ms. Gallego violated the Contempt Orders and the automatic stay, the Court will ask the Debtors to file their specific request for damages, citing the support for the damages, whether by statute or common law, and the specific amount of damages requested for each category of damages.") *(ECF 328, p. 11).*

4. On June 8, 2022, this court determined that Debtor, Leticia Cepero, was entitled to damages for emotional distress in the amount of $25,000.00 jointly and severally payable by both Respondents, attorney's fees in the amount of $58,190.00 jointly and severally payable by both Respondents, and $83,190.00 in punitive damages only as to Respondent Marglli Gallego.  (ECF 480).

5. On June 17, 2022, Debtors filed their Motion to Alter or Amend Judgment, for Rehearing, Relief from Judgment and/or Reconsideration as to ECF 480.

6. In that motion, Debtors argue that this Court misapplied/misstated Florida law by finding that Respondent Hammocks Community Association was not liable for punitive damages, that the amount of punitive damages assessed against Defendant Marglli Gallego is insufficient, and that this Court erred by not making a determination as to additional attorney's fees rendered by Debtors' counsel for services rendered for the December 30, 2021 hearing.

7. Until the filing the aforementioned motion, Debtors have never given a legal basis for the imposition of punitive damages against Hammocks Community Association.

8. Debtors never argued, nor did they provide any evidence that Hammocks Community Association should be held liable as the principal of Marglli Gallego under the theory that they were directly liable via respondeat superior.  In fact, Debtors theory of liability was that both Marglli Gallego, as an individual, and Hammocks Community Association violated this Court's stay away orders.  (See *ECF 324).*

**THIS COURT PROPERLY DETERMINED THAT DEBTORS DID NOT PRESENT SUFFICIENT EVIDENCE TO IMPOSE PUNITIVE DAMAGES ON HAMMOCKS COMMUNITY ASSOCIATION BASED ON THE DOCTRINE OF RESPONDEAT SUPERIOR**

9. On June 8, 2022, this Court noted that punitive damages are subject to the discretion of the Court and that they are "appropriate when a party acts with 'reckless or callous disregard or rights of others'." *In re Lyubarsky, 615 B.R. 924, 937-938 (Bankr. S.D. Fla. 2020)(citing Parker v. Credit Central South, Inc., 634 Fed. Appx. At 773).* (ECF 480, page 8).

10. In its decision this Court held that although Ms. Gallego was an "officer of the Association rather than employee," Debtors did not provide any evidence that Hammocks Community Association 'foreseeably contributed' to the Debtor's injuries. (ECF 480, Page 10).

11. In fact, this Court has previously held that a corporation can be held "directly liable" for damages, including punitive damages, for the acts of its managing agents if the evidence presented sufficiently establishes that the corporation in some manner condoned the managing agent's actions. *Rosenberg v. DVI Receivables, XIV, LLC (In Re Rosenberg), 471 B.R. 307, 313 (Bankr. S.D. Fla 2012)*("A principal who knowingly permits its agent to act in an unauthorized manner remains liable to third parties who believe in good faith that the principal consented to the agent's acts.")

12. In *Rosenberg,* Judge Cristol held that it was proper to hold U.S. Bank, N.A., as a disclosed principal, directly liable for the acts of its managing agents because at all relevant times the agents acted as agents for U.S. Bank, N.A. and the record evidence indicated that the agent consistently identified itself as the agent for U.S. Bank, N.A.. *Rosenberg v. DVI Receivables, XIV, LLC (In Re Rosenberg), 471 B.R. 307, 313 (Bankr. S.D. Fla 2012)*.

13. The Court then noted, "[a] principal who knowingly permits its agent to act in an unauthorized manner remains liable to third parties who believe in good faith that the principal consented to the agent's acts." *Rosenberg at 313.*

14. In arriving at its holding, the Court noted that it was proper to impute liability on the principal based on the acts of the managing agent because the principal allowed the agent to portray itself to the world as if it were its agent and to take actions on the principal's behalf relating to those intentional acts that led to the injury. *Rosenberg at 313.*

15. As noted by the United States District Court for the Southern District of Florida, to hold a principal liable for the intentional acts of an agent either through theories of actual or apparent agency, a petitioner must sufficiently allege those elements that establish that the agency and those elements of the underlying intentional act. *Flaherty v. Royal Caribbean Cruises, Ltd., 172 F. Supp. 3d 1348, 1352 (S.D. Fla 2016). See also, Bankers Multiple Line Ins. Co. v. Farish, 464 So. 2d 530, 532 (Fla. 1985)("It should be clear to the jury that, even though liability and punitive damages contain the common elements of willfulness, a finding of liability for compensatory damages does not dictate an award of punitive damages.")*

16. "'Apparent agency exists where the alleged principal makes a manifestation that causes a third party to reasonably believe that the alleged agent had the authority to act for the benefit of the principal, and the third party reasonably acts on such belief to his detriment." *Flaherty at 1352. (citing Fojtasek v. NCL (Bahamas) Ltd., 613 F. Supp. 2d 1351, 1357 (Sd. Fla. 2009)).*

17. This Court properly noted that although it is not necessary that the fault of an employer, independent of his agent's conduct, be willful and wanton. "'It is sufficient that the plaintiff allege and prove some fault on the part of the employer which foreseeably contributed to the

plaintiff's injury to make him vicariously liable for punitive damages'." *(ECF 480, Page 10)(citing Mercury Motors Exp., Inc. v. Smith, 393 So. 2d 545, 549 (Fla. 1981).*

18. Debtors make the unfounded assertion that a corporation should be held liable per se for all wrongful acts of a managing agent.

19. In support of their argument, Debtors state that *Bankers Multiple Line Insurance Co. v. Farish, 464 So. 2d 530, 533 (Fla. 1985)* and *Winn-Dixie Stores, Inc. v. Robinson, 472 So. 2d 722 (Fla. 1985)* stand for the proposition that a corporation is strictly liable for punitive damages for all wrongful acts of a managing agent of a corporation.

20. However, a cursory reading of *Bankers Multiple Line Insurance Co. and Winn Dixie Stores, Inc.* reveal that both cases involve tortious acts where evidence was presented that indicated that "the corporation itself committed the tort and the jury returned a verdict, finding that the corporate defendant acted with 'malice, moral turpitude, wantonness, willfulness or reckless indifference to the rights of others'." *Winn-Dixie Stores, Inc. at 724.* (Winn-Dixie Stores, Inc. dealt with a person who was falsely imprisoned and falsely accused of theft by Winn-Dixie employees and imprisoned within the store, and *Bankers Multiple Line Insurance Co.* dealt with an agent of Bankers Multiple Line Insurance Co. who communicated with a family member of a deceased accident victim and persuaded the family member to fire the attorney hired by her and to use the attorney designated by the agent of the insurance company. Eventually a judgment was obtained, and it was learned that the defendant was insured by Bankers Insurance Company.)

21. Under the direct liability theory, a principal's liability for punitive damages as codified by Florida Statute 768.72 is established if the employer, principal, corporation, or other legal entity actively and knowingly participated in such conduct; the officers, directors, or

managers of the employer, principal, corporation, or other legal entity knowingly condoned, ratified, or consented to such conduct; or the employer, principal, corporation, or other legal entity engaged in conduct that constituted gross negligence and that contributed to the loss, damages, or injury suffered by the claimant.  "§ 768.72, Fla. Stat.  *Fla. Power &amp; Light Co. v. Dominguez, 295 So.3d 1202 (Fla. App. 2019).*

22. Debtors never introduced any evidence that any of the requirements of Fla. Stat. § 768.72 were met.

23. Indeed, punitive conduct must be "so reckless or wanting in care that it constitute[s] a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct." § 768.72(2)(b). *See also BDO Seidman, LLP v. Banco Espirito Santo Intern., 38 So. 3d 874, 876-77 (Fla. 3d DCA 2010).*

24. Debtors never alleged nor offered any evidence that Hammocks Community Association intentionally and/or willfully violated this Court's Contempt Order.  As was noted by this Court, the five factors to be considered in determining whether an award of punitive damages is proper is primarily based upon the nature of defendant's conduct.  (ECF 480 at 8)(citing *In Re Harrison, 599 B.R. 173, 182 (Bankr. N.D. Fla. 2019)*.

WHEREFORE, Respondents Hammocks Community Association and Marglli Gallego respectfully request that this Court deny Debtors' Motion to Alter or Amend Judgment, for Rehearing, Relief from Judgment and/or Reconsideration as to ECF 480.

**THIS COURT PROPERLY DETERMINED THE AMOUNT OF PUNITIVE DAMAGES**

25. In their motion Debtors argue that the punitive damages award is insufficient to deter future misconduct based on the evidence presented.

26. Rule 59(e) allows a party to file a motion to "alter or amend a judgment." Fed.R.Civ.P. 59(e).

27. However, a party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Ortiz v. City of Miami (S.D. Fla. 2022)( citing Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

28. "Furthermore, a Rule 59(e) motion is only granted where there is "newly-discovered evidence or manifest errors of law or fact." *Hamilton v. Sec'y Fla. Dep't of Corr.*, 793 F.3d 1261, 1266 (11th Cir. 2015) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). *See also, Brosky v. Secretary of Fla. Dep. of Corrections (S.D. Fla. 2022).*

29. Debtors are seeking to relitigate matters within the discretion of this Court.

WHEREFORE, Respondents Hammocks Community Association and Marglli Gallego respectfully request that this Court deny Debtors' Motion to Alter or Amend Judgment, for Rehearing, Relief from Judgment and/or Reconsideration as to ECF 480.

**FAILURE TO INCLUDE ATTORNEY'S FEES AS PART OF THIS COURT'S ORDER**

30. On December 30, 2021, this Court conducted a hearing to determine damages for emotional distress and punitive damages.

31. At the hearing this Court ordered that attorney's fees would be allowed and directed Debtors' counsel to file a motion for payment of attorney's fees and costs.  (Tr. At 500:6 – 500:9).

32. Local Rule 7054-1 (F) states that "motions for attorney fees required under Bankruptcy Rule 7054(b)(2)(a) and requests for costs which require a separate order under subdivision (A) of this Rule shall be considered only upon motion to the court filed within 14 days after entry of judgment."  (Fed. R. Bankr. P. 9014 makes Fed. R. Bankr. P. 7054 applicable to contested matters.)

33. Debtors' counsel failed to timely file motions for attorney's fees and costs pursuant to the

local rules of this Court.

34. As a result, Debtors have not demonstrated that the failure to include these costs and fees as part of this Court's Order on Damages is "newly-discovered evidence" or a "manifest error of law or fact".

WHEREFORE, Respondents Hammocks Community Association and Marglli Gallego respectfully request that this Court deny Debtors' Motion to Alter or Amend Judgment, for Rehearing, Relief from Judgment and/or Reconsideration as to ECF 480.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was transmitted to the parties listed below via electronic delivery on this 7th day of July 2022:

Michael J. Brooks, Esq. on behalf of Debtors; pleadings@bankruptcynow.com, mbrooks@bankruptcynow.com;brooks.michaelr100502@notify.bestcase.com

Nancy K. Neidich
e2c8f01@ch13miami.com, ecf2@ch13miami.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

      /s/ Miguel Parlade
      Miguel Parlade, Esq.
      Fla. Bar. 388068
      Attorney for Marglli Gallego and
      Hammocks Community Association
      P.O. Box 771747
      Miami, FL  33177
      (305) 235-9040
      parladelaw@gmail.com