*Tagged Opinion*
*Do not publish*



**ORDERED in the Southern District of Florida on August 9, 2022.**

**Laurel M. Isicoff**
**Chief United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: | CASE NO. 17-20358-BKC-LMI |
| JOSUE CEPERO and LETICIA CEPERO, | Chapter 13 |
| Debtors. _____/ | |

## ORDER GRANTING IN PART MOTION TO ALTER OR AMEND JUDGMENT FOR REHEARING, RELIEF FROM JUDGMENT AND/OR <u>RECONSIDERATION AS TO ECF 480</u>

This matter came before the Court on July 14, 2022 (the "Hearing") on the Debors' *Motion to Alter or Amend Judgment, for Rehearing, Relief from Judgment as to ECF 480* (ECF #489) (the "Motion"). The Motion seeks reconsideration of this Court's *Order on Damages* (ECF #480) (the "Damages Order") pursuant to Fed. R. Civ. P. 59(e) and 60(a). The Motion argues that the Court should amend the Damages Order for the following reasons: (1) Debtors, having already found to be entitled to attorney's fees, are entitled to an award of fees and costs for the

trial on damages (the "Damages Trial") which fees and costs were not addressed in the Damages Order ; (2) to provide that the Association[1] is directly liable for punitive damages for the wrongful acts of its managing agent, Marglli Gallego, the President of the Association; and (3) that the Court should have used a multiplier of at least two in assessing punitive damages. The Court has reviewed the Motion, the response filed by the Association[2], and has considered the arguments of counsel at the Hearing.  For the reasons stated on the record and set forth below, the Motion is GRANTED in part and DENIED in part.

Attorney's Fees and Costs

The reasonableness of the fees requested by the Debtors is measured in accordance with the criteria set forth in *Johnson v. Georgia Highway Exp.,* 488 F.2d 714 (5th Cir. 1974) as reaffirmed in *Norman v. Housing Authority of the City of Montgomery,* 836 F.2d 1292 (11th Cir. 1988). *In re Lyubarksy,* 615 B.R. 924, 934 (Bankr. S.D. Fla. 2020).[3] Those factors are (i) the time and labor involved; (ii) the novelty and difficulty of the questions; (iii) the skill requisite to perform the legal service properly; (iv) the preclusion of other employment by the attorney due to acceptance of the case; (v) the customary fee; (vi) whether the fee is fixed or contingent; (vii) time limitations imposed by the client or the circumstances; (viii) the amount involved and the results obtained; (ix) the experience,

---

[1] All capitalized terms not defined within this Order shall have the same definition as that in the Damages Order.

[2] *Hammocks Community Association, Inc. and Marglli Gallego's Memorandum in Opposition to Debtors' Motion to Alter or Amend Judgment, for Rehearing, Relief from Judgment and/or Reconsiderations as to ECF 480 (D.E. 489)* (ECF #502).

[3] "The criteria for determining the reasonableness of the fees requested is not 11 U.S.C. §330 because the Debtors' professionals were not retained pursuant to 11 U.S.C. §327. . . . Fed. R. Bankr. P. 2016 and this Court's *Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases* are also inapplicable." *Id.*

reputation, and ability of the attorneys; (x) the "undesirability" of the case; (xi) the nature and length of the professional relationship with the client; and (xii) awards in similar cases.

At the Hearing, the Court acknowledged that it inadvertently failed to include the Debtors' counsel's award of attorney's fees and costs incurred in connection with the Damages Trial. The Court has reviewed the fee statements filed by Mr. Brooks and Mr. Arslanian.[4] Having reviewed the statements in detail, the Court finds that Mr. Brooks' fees should be reduced to $23,446.50[5] and that Mr. Arslanian's fees should be reduced to $18,595.00[6]. Therefore, Debtors are awarded $42,041.50 in attorney's fees for the fees incurred in connection with the Damages Trial.

The Court has also reviewed the *Debtor's Notice of Filing Receipts* (ECF #483)[7] where the Debtors seek $1,487.30 in costs. The Court awards those in full.

---

[4] *Notice of Filing Time Sheet for Michael J. Brooks on Order on Sanctions and Setting Evidentiary Hearing* (ECF #414); *Notice of Filing Time Sheet of Louis C. Arslanian on Order on Sanctions and Setting Evidentiary Hearing* (ECF #415). As the Court noted at the Hearing, in the future counsel is directed to, *at least*, attach a notice of filing rather than just uploading an otherwise unidentified time record.

[5] The Court deducted 23.5 hours ($12,925.00) from Mr. Brooks' time due to excessive billing, duplicate billing, billing for work that wasn't performed (prepare and review and revise a non-existent fee application) and block billing.

[6] The Court deducted 7.1 hours ($3,905.00) from Mr. Arslanian's time for the same reasons.

[7] Like the fee statements, Debtors' counsel merely attached the receipts; no list was provided, nor was there any request for total fees. In the future Debtors' counsel is instructed to take the time to prepare and file a proper pleading.

Punitive Damages Liability

In the Damages Order, the Court found that the Debtors were entitled to punitive damages for which Ms. Gallego was solely responsible. The Debtors argue that the Court should have relied on a direct liability theory when determining punitive damages liability with regard to the Association. Although the Debtors failed to provide any legal support for this argument prior to the entry of the Damages Order, the Court agrees with the Debtors that the Court applied an incorrect standard.

In the Damages Order, the Court relied on a vicarious liability theory found in *Mercury Motors Express, Inc. v. Smith,* 393 So. 2d 545 (Fla. 1981). The Debtors argued that the standard in *Schropp v. Eurocars,* 654 So. 2d 1158 (Fla. 1995) controls and that a corporation can be held directly liable for punitive damages based upon the acts of one of its managing agents without proof of fault of the employer. *Schropp,* 654 So. 2d 1158; *see Winn-Dixie Stores, Inc. v. Robinson,* 472 So. 2d 722, 724 (Fla. 1985) ("because this case was tried on the basis of direct corporate liability, *Mercury Motors* was not applicable. Most recently in *Bankers Multiple Line Insurance Co. v. Farish*, 464 So. 2d 530 (Fla. 1985), we expressly held that *Mercury Motors* was not intended to apply to situations where the agent primarily causing the imposition of punitive damages was the managing agent or primary owner of the corporation."). Therefore, the Association is directly liable for punitive damages based on the acts of Ms. Gallego, the then President and managing agent of the Association.

4

Since the Court already found the Association to be directly liable for punitive damages in its *Order Finding Hammocks Community Association Inc. and Marglli Gallego in Contempt* (ECF #328), and that the Association is directly liable for punitive damages, which findings have not yet been challenged by the Association, based on *Schropp*, the Association is jointly and severally liable with Ms. Gallego for punitive damages. Therefore, the request to amend the Damages Order accordingly is granted.

<u>Punitive Damages Multiplier</u>

In the Damages Order, the Court applied a factor of one to the punitive damages. The Debtors contend that the punitive damages multiplier should be a factor of at least two under the circumstances because there were violations of prior contempt orders and a prior stay violation. The Debtors further argue that because the Association is directly liable, the multiplier should be increased.

At the Hearing, the Court explained that it took several factors into account when determining which multiplier was appropriate and that even though the Damages Order is amended to provide the Association is directly liable, a factor of one is still appropriate. Therefore, the request to alter the multiplier of the punitive damages award is denied.

Based on the foregoing it is ORDERED as follows:

1. The Motion is GRANTED in part.
2. The Damages Order is amended as follows:

    a. Mrs. Cepero is entitled to damages for emotional distress arising from the May Incident in the amount of $25,000.00. The

Association and Ms. Gallego are jointly and severally liable for these damages

b.      The Ceperos are entitled to an attorney fee award in the total amount of $101,718.80. The Association and Ms. Gallego are jointly and severally liable for these damages.

c.      The Ceperos are entitled to punitive damages in the amount of $126,718.80, which is an amount equal to the amount of actual damages awarded to the Ceperos, for which punitive damages the Association and Ms. Gallego are jointly and severally liable.

d.      The Ceperos will be entitled to prepare final judgments in these amounts that can be recorded in the public records of Miami-Dade County and otherwise, as required by Florida law, if the amounts in this Order, including the attorney fees, are not paid within 30 days from the entry of this Order.

###

Copies furnished to:
Michael Brooks, Esq.
Miguel Parlade, Esq.

*Attorney Brooks is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF, and file a proof of such service within two (2) business days from entry of the Order.*