**EXHIBIT A**

**AFFIDAVIT OF ANA DANTON**

STATE OF FLORIDA            )
                            )
COUNTY OF MIAMI-DADE        )

BEFORE ME, the undersigned authority personally appeared Ana Danton, who after being duly sworn, deposes and says:

1. I am over 18 years of age and have personal knowledge of the facts contained in this Affidavit.

2. At all material times hereto, I have been the owner of a residence located in the community governed by the Hammocks Community Association Incorporated (the "Association").

3. I am also the Plaintiff in the case styled *Ana Danton, individually and for the use and benefit of other property owners within the Hammocks Community Association Incorporated v. Hammocks Community Association Incorporated*, Case No. 2022-007798-CA-01, pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Receivership Action").

4. As set forth in my Petition for Appointment of Receiver and Injunctive Relief filed in April 2022 in the Receivership Action, the prior Boards of the Association, including through former Board Treasurer and President Marglli Gallego ("Gallego"): a) fraudulently withheld the Association's proposed budget from the homeowners for months; b) upon finally providing the Association's proposed budget to the homeowners, failed to conduct a special meeting of the homeowners to obtain approval of that budget, which increased homeowner assessment payments by almost three hundred percent (300%); and, c) suppressed homeowners' ability to vote during

the 2022 election of the Board and ultimately cancelled that election, resulting in the majority of the members of the previous Board being retained.

5. I am also a member of the Advisory Committee established by the Court in the Receivership Action to assist the court-appointed Receiver for the Association, the Honorable David M. Gersten (Retired).

6. Prior to filing the Receivership Action, I became concerned about potential fraudulent conduct and self-dealing by Gallego (and other self-interested members of the Association's Board) as well as actions undertaken by Gallego (and those other Board members) to harass and intimidate homeowners. Accordingly, I reported my concerns to the Miami-Dade State Attorney's Office ("SAO"), as did some other homeowners, including Josue Cepero and Leticia Cepero (the "Ceperos"). As a result, the SAO began investigating the Association.

7. As a result of the SAO's investigation: a) in April 2021, Gallego was charged with Organized Scheme to Defraud and Grand Theft; and, b) in November 2022, additional charges were filed against Gallego, and charges were filed against four (4) other Board members, for Racketeering, Organized Scheme to Defraud, Money Laundering, Grand Theft and Fabricating Physical Evidence.

8. I recently learned that the Ceperos have obtained a judgment against Gallego and the Association for $253,437.60, which the Ceperos are seeking to collect from the Association, based upon: a) physical threats by Gallego towards Mrs. Cepero; 2) an incident in May 2019 during which Gallego parked in front of the Ceperos' vehicle to trap and attempt to intimidate them; and, 3) a 2020 defamation lawsuit filed by Gallego and the Association against Mrs. Cepero.

9. I first met the Ceperos at a meeting in their home, which is also located in the community governed by the Association. The subject of that meeting was homeowners' concerns

about Gallego and other Board members' conduct, including their suspected self-dealing and their intimidation and harassment of homeowners.

10. During that meeting, the Ceperos advised me that Mr. Cepero actually assisted Gallego in misappropriating Association monies. More particularly, the Ceperos advised me that Mr. Cepero and Gallego had agreed that: a) Mr. Cepero would provide, through his independent company, electrician services to the Association; and, b) in return, Mr. Cepero would pay to Gallego, personally, a portion of the funds paid by the Association to Mr. Cepero for those electrician services. In other words, Mr. Cepero agreed to provide a kickback to Gallego.

11. Mr. Cepero advised me that, eventually, Gallego began demanding a larger portion of the monies paid by the Association to Mr. Cepero, to which Mr. Cepero objected. The Ceperos advised me that at that point, after Mr. Cepero had already made numerous kickback payments to Gallego pursuant to their original agreement, the kickback payments from Mr. Cepero to Gallego ceased.

12. In light of the foregoing, I was shocked to learn that the Ceperos, who were admittedly involved in Gallego's scheme to defraud the Association, are now seeking to collect from the Association over $250,000.00 based upon Gallego's aforementioned bad acts, which acts appear to have occurred, based upon my knowledge, after Mr. Cepero's kickback payments to Gallego.

Under penalties of perjury, I declare that I have read the foregoing Affidavit and the facts stated above are true.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

DATED this __14__ day of ~~January~~ February, 2023.

_____
Ana Danton

STATE OF FLORIDA      )
                      ) ss
COUNTY OF MIAMI-DADE  )

The foregoing instrument was acknowledged before me this __14__ day of ~~January~~ February, 2023, by Ana Danton, who is personally known to me or who has produced FLDL (1535 0125 9 8820) as identification.

_____
Notary Public, State of Florida

Daniel Dominguez
Print or Type Name

Commission expires: 01/02/2027

**DANIEL DOMINGUEZ**
Notary Public
State of Florida
Comm# HH334407
Expires 1/2/2027

4