Page 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 17-20358-LMI
Chapter 13

In Re:

JOSUE CEPERO and LETECIA CEPERO,

    Debtors.
_____/

ECF # 583

July 19, 2023

    The above-entitled cause came on for hearing before the Honorable LAUREL M. ISICOFF, Judge in the UNITED STATES BANKRUPTCY COURT, in and for the SOUTHERN DISTRICT OF FLORIDA, on Wednesday, July 19, 2023, commencing at or about 10:29 a.m., and the following proceedings were had:

    Transcribed from a digital recording by:
Helayne Wills, Court Reporter

```
 1   APPEARANCES:
 2
         BANKRUPTCY NOW, by
 3       MICHAEL J. BROOKS, ESQ.,
         and
 4       LAW OFFICE OF LOUIS ARSLANIAN, by
         LOUIS ARSLANIAN, ESQ.,
 5       on behalf of the Debtors
 6
         DAMIAN & VALORI, LLP, by
 7       KENNETH D. MURENA, ESQ.,
         on behalf of The Hammocks Community Association
 8
 9       ALSO PRESENT:
         ECRO:  Electronic Court Reporting Operator
10       THE HONORABLE DAVID GERSTEN, Court Appointed
         Receiver
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1        THE COURT:  All right.  The 10:00 a.m.
2   matter is Josue Cepero and Leticia Cepero, 17-20358.
3   I apologize we're running so late, but this
4   hopefully won't take too long.
5        Mr. Brooks, please make your appearance.
6        MR. BROOKS:  Michael Brooks for the
7   debtors, B-R-O-O-K-S.
8        THE COURT:  Mr. Murena.
9        MR. MURENA:  Good morning, Your Honor.
10  Kenneth Murena on behalf of the Hammocks Community
11  Association.  I'm here with Judge Gersten, who is
12  the court appointed receiver of the association.
13       THE COURT:  Okay.  Welcome back.
14       I'm sorry, Mr. Murena.  I'm constantly
15  trying to remember who has the long vowels and who
16  has the short vowels.  Behar, Murena, Judge Rossin
17  (phonetic), before she became Judge Rossin.  So I'm
18  working on it.
19       MR. MURENA:  Either one works for me,
20  Judge.  I just imagine (unintelligible).  It is
21  Murena.  You're right.
22       THE COURT:  There you go.
23       And I saw Mr. Arslanian was here earlier.
24  I see he's still on Zoom.  I assume he's not making
25  an appearance.

1   MR. ARSLANIAN: I am here. My video won't
2   let me pop in. It says the host is off my video.
3   THE COURT: Okay. Hold on. Let's see if
4   we can -- ask to start video. Okay. See if that
5   works. Okay.
6   Probably what I did was, Mr. Arslanian,
7   because you're not supposed to turn your camera on
8   until your hearing starts, I probably turned your
9   camera off.
10  We're here on a status conference. I
11  assume everybody has reviewed the order that was
12  entered by Judge Scola that reverses in part my
13  ruling. So why don't you let me know what's going
14  on.
15  I'll start with Mr. Murena.
16  MR. MURENA: Sure. So right now the
17  debtors have appealed Judge Scola's opinion and
18  order.
19  THE COURT: To the 11th Circuit?
20  MR. MURENA: Yeah.
21  MR. ARSLANIAN: No, no. We filed a motion
22  for rehearing.
23  MR. MURENA: Oh, I'm sorry. That's
24  correct. A motion for rehearing that has not been
25  decided.

1        MR. ARSLANIAN:  But it is correct that
2   whatever happens with the rehearing -- depending
3   upon what happens with the rehearing, we will appeal
4   that to the 11th Circuit, because the issue of Your
5   Honor's ruling that the association was liable
6   because Ms. Gallego was driving the association
7   vehicle, that was the finding at issue.
8            We contended that they waived any argument
9   to that, and we contended that they invited the
10  error.  And that issue was not identified in the
11  opinion, and it was not addressed by the District
12  Court in the opinion, and we believe that that is
13  error by the District Court to not identify our
14  thrust issue in the opinion appeal.  They addressed
15  everything, but not the main response.
16           THE COURT:  Okay.  So if I'm
17  understanding --
18           MR. MURENA:  Your Honor --
19           THE COURT:  Stop.  Nobody say another
20  word.
21           So if I'm understanding you,
22  Mr. Arslanian, the basis for your motion before
23  Judge Scola is not that in the absence of waiver of
24  the argument previously, that the District Court may
25  be correct that I did not have enough of a factual

1  basis, based on the Schropp case, to determine
2  liability on behalf of the HOA, but rather, that it
3  is a procedural argument, that that argument has
4  been waived, and therefore, is no longer a basis for
5  reversing that finding of the Court or sending it
6  back for further proceedings.
7           Is that a correct understanding of your
8  argument?
9           MR. ARSLANIAN: It's not completely
10 correct, Your Honor. I believe that there was a
11 joint defense put on, and the reason why the Court
12 found what it found is that if you read the trial
13 transcript, there was never any argument saying,
14 "Only Gallego is liable, we're not."
15          Never argued. After Your Honor made its
16 ruling, nobody ever argued that. And they had a
17 joint defense, and they always argued it. If you
18 reread their closing argument, they contended that
19 the respondents did not violate that contempt order
20 on May 17, 2019.
21          THE COURT: Okay. Got it. It doesn't
22 matter. The motion is not before me. But the
23 bottom line is, it's not ready for me to do
24 anything, is the ultimate punch line. Nothing for
25 me to do at this time; is that correct?

1          Mr. Murena, anything you'd like to --
2  Murena, whatever your name is, you.
3          MR. MURENA:  I would just point out that
4  the order is pretty clear that Mrs. Fernandez, for
5  the purpose of determining whether Gallego was
6  acting within the scope of her duties as president
7  of the Hammocks during the May 2019 incident, and it
8  does discuss several times throughout that opinion
9  order that the only evidence regarding that matter
10 that was presented throughout all the hearings was
11 the fact that she was driving a car that was labeled
12 the association.  That's it.
13         THE COURT:  Okay.
14         MR. MURENA:  So with that evidence, this
15 Court is to decide whether that was enough to say
16 she was acting within the scope.
17         THE COURT:  Okay.  Well, I don't know that
18 I reviewed the -- again, that's one of the reasons
19 -- again, we can't do it today, because the matter
20 is before Judge Scola.  So I don't technically have
21 the mandate back.
22         But in any event, perhaps if and when it
23 does find its way back to me, the issue then would
24 be presumably whether what Judge Scola is saying is
25 that I am merely -- because that is the only

1   evidence upon which I relied, I amend the judgment,
2   or is Judge Scola saying that I reopen evidence to
3   determine if there's any evidence to support the
4   finding of liability under Schropp.
5            I'm not deciding that today.  But that is
6   what I, now, based on what you're saying,
7   Mr. Murena, that that could be an issue that we need
8   to discuss once the mandate actually makes its way
9   back to me, okay?
10           So my question is, I saw there is a second
11  appeal.  Is that, Mr. Murena, your appeal of my
12  ruling that we had the hearing on a month ago?
13           MR. MURENA:  That appeal has been stayed,
14  for all intents and purposes, pending the outcome of
15  the first appeal, and then there's a third appeal on
16  the attorney's fees issue, which is proceeding.
17           THE COURT:  Got it.  Okay.
18           Mr. Arslanian, was there something else
19  you wish to say?
20           MR. ARSLANIAN:  Yes.  I want to make it
21  clear for the record that the Court -- right now
22  it's not final, because it's a rehearing, and there
23  is no mandate, but the Court made it very clear --
24  and I'm reading from the opinion on Page 5, the last
25  sentence of the analysis it says, "and the Court

1  remands this matter for the purpose of determining
2  whether Gallego was acting within the scope of her
3  duties as president of Hammocks during the May 2019
4  incident."
5           So it's definitely remanded to Your Honor
6  to hold a proceeding to determine whether or not she
7  was acting within her duties as president of
8  Hammocks at the time.
9           THE COURT:  I got it.  I understand that
10 that may be an argument if there's still a
11 disagreement if and at such time as it makes its way
12 back, but what I'll do is, rather than taking up
13 more of your time now, we'll just ask you all, when
14 I reset the status conference, after I see the order
15 from Judge Scola, should the remand stay as a
16 remand, if, in fact, there is an appeal to the 11th
17 Circuit, then please reach out to Ms. Sanabria, or
18 send an e-mail to my law clerk, copy each other so
19 it's not an ex parte communication, that says, "Hey,
20 there's an appeal to the 11th Circuit, do you still
21 want a status conference?"
22          So that you all don't have to come back,
23 even though it's a video court appearance, it's not
24 necessary.
25          MR. BROOKS:  Mr. Murena and I will take

1  care of that, the one that's dealing with
2  Ms. Sanabria.  All of these matters, I will deal
3  with Mr. Murena and Ms. Sanabria.
4              THE COURT:  Okay.  I'll leave it up to you
5  all to decide whether you want to hang out and wait
6  until your matter is called, or just keep it off if
7  it's up to the 11th Circuit, okay?
8              MR. BROOKS:  Thank you very much, Judge.
9              THE COURT:  You all take care and have a
10 great rest of your day.  Thank you for your
11 patience.
12             (Thereupon, the hearing was concluded.)

CERTIFICATION

STATE OF FLORIDA:
COUNTY OF DADE:

        I, HELAYNE F. WILLS, Shorthand Reporter and Notary Public in and for the State of Florida at Large, do hereby certify that the foregoing proceedings were taken by electronic recording at the date and place as stated in the caption hereto on Page 1; that the foregoing computer-aided transcription is a true record of my stenographic notes taken from said electronic recording.

        WITNESS my hand this 6th day of November, 2023.

_____
HELAYNE F. WILLS
Court Reporter and Notary Public
In and For the State of Florida at Large
Commission No: HH157788 Expires 8/2/2025