*Tagged opinion*
*Do not publish*



**ORDERED in the Southern District of Florida on March 7, 2024.**

**Laurel M. Isicoff, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: | CASE NO. 17-20358-BKC-LMI |
| JOSUE CEPERO and LETICIA CEPERO, | Chapter 13 |
| Debtors. _____/ | |

## ORDER ON REMAND

This matter came before the Court upon the further briefing submitted by the parties[1] pursuant to this Court's *Order Setting Briefing Schedule* (ECF #611). This matter involves extensive litigation between the Debtors, and, together, Hammocks Community Association, Inc. ("Hammocks" or the "Association") and its then President, Marglli Gallego ("Gallego"). During the course of the litigation

---

[1] *Debtors' Memorandum on Evidence to Support the Imposition of Punitive Damages Against the Association for Gallego's Conduct During the May 2019 Incident* (ECF #613) (the "Debtors' Memorandum"); *The Honorable David M. Gersten (Retired), Court-Appointed Receiver for the Hammocks Community Association Inc.'s Response to Debtors' December 22, 2023 Memorandum* [D.E. #613] (ECF #614) (the "Receiver's Response"); and *Debtors' Reply to Receiver's Response Regarding Evidence to Support the Imposition of Punitive Damages Against the Association for Gallego's Conduct During the May 2019 Incident* (ECF #616) (the "Debtors' Reply").

and based on alleged criminal activity of Gallego and other members of the Association Board, a state court judge appointed the Honorable David M. Gersten (Retired), as Receiver for the Hammocks Community Association Inc. (the "Receiver").

## BACKGROUND AND PROCEDURAL HISTORY

The Court previously entered an *Order Finding Hammocks Community Association Inc. and Marglli Gallego in Contempt* (ECF #328) (the "Contempt Order") holding that the Association and Gallego violated (i) two prior contempt orders entered by the Court in December of 2018 (collectively the "Original Contempt Orders")[2]; and (ii) the automatic stay, by virtue of an incident that occurred on May 15, 2019 (the "May Incident") and a lawsuit that was filed by Hammocks at the direction of Gallego on November 20, 2020 (the "November 2020 Lawsuit"). The Court considered the question of damages separately and ultimately awarded the Debtors attorneys' fees, damages for emotional distress, and punitive damages.[3] The Court imposed these damages jointly and severally against both Gallego and the Association.

---

[2] *Agreed Order on Debtor's [sic] Amended Motion for Contempt Against Hammocks Community Association, Inc. and Its' President, Marglli Gallego (*ECF #189) and *Order on Debtor's [sic] Amended Motion for Contempt Against Hammocks Community Association, Inc. and Its' President, Marglli Gallego* (ECF #191).

[3] *Order on Sanctions and Setting Further Evidentiary Hearing* (ECF #339); *Order Granting in Part Motion to Reconsider* (ECF #477); *Order on Damages* (ECF #480); and *Order Granting in Part Motion to Alter or Amend Judgment for Rehearing, Relief from Judgment and/or Reconsideration as to ECF 480* (ECF #510) (collectively referred to as the "Damages Orders"). The Damages Orders include more details on the background of these disputes.

The Association and Gallego appealed the Contempt Order and the Damages Orders to the United States District Court for the Southern District of Florida (the "District Court"). On June 23, 2023, the District Court entered its *Opinion and Order* (ECF #583) (the "Opinion and Order") reversing only the part of this Court's findings holding the Association jointly and severally liable for punitive damages relating to the May Incident and remanding this matter "for the purpose of determining whether Gallego was acting **within the scope of her duties** as president of [the Association] during the [May Incident]." *Opinion and Order* 5, (ECF #583) (emphasis added). The Opinion and Order further stated:

> The bankruptcy court properly applied the *Schropp* standard, finding that Hammocks would be directly liable for Gallego's conduct based on her status as a managing agent (as president). But the bankruptcy court failed to make the final, necessary finding: it nowhere evaluates whether Gallego was acting in performance of her duties as Hammocks' president at the time of the May 2019 Incident. . . .
>
> The **only evidence** that could possibly demonstrate that Gallego was acting in the course of her employment during the May 2019 Incident is the fact that she was driving a Hammocks vehicle. . . .
>
> Accordingly, **there is not clear and convincing evidence <u>in the record</u>** for the Court to find that Gallego conduct occurred during the course of her duties as Hammocks' president. Because the bankruptcy court did not determine whether Gallego was acting on behalf of Hammocks, **and because the record lacks sufficient factual support for the Court to determine that she was on its review on appeal,** the Court must reverse the portion of the Contempt Orders finding Hammocks to be responsible for Gallego's conduct during the May 2019 Incident. Hammocks cannot be liable for punitive damages for Gallego's conduct on May 15, 2019, **based on the record presented here.**

*Opinion and Order* 9-10, (ECF #583) (internal citations omitted) (emphasis added).

Prior to returning to this Court, the Debtors sought rehearing of the Opinion and Order and further clarification from the District Court regarding the Opinion and Order. In its *Order Denying Motion for Rehearing* (District Court ECF #38) (the "Rehearing Order")[4], the District Court denied the Debtors request for rehearing writing:

> the Court determined that there was **insufficient evidence in the record** to support a finding that Gallego was acting in her official capacity at the time of the incident, so the Court remanded for a resolution of that particular issue. . . .

*Order Denying Motion for Rehearing* 1, (District Court ECF #38) (emphasis added).

On August 24, 2023, the District Court entered its *Amended Judgment* (ECF #602) remanding "this matter" to the bankruptcy court consistent with the Opinion and Order.

After holding a status conference on October 31, 2023 (the "Status Conference"), the Court determined that based on the clear wording of the District Court Orders[5] this Court is required to consider what *additional* evidence, other than the fact that Gallego was driving a Hammocks vehicle, supports a finding that Gallego was performing her duties as president at the time of the May Incident to support the imposition of punitive damages against the Association under the standard set forth in *Schropp v. Crown Eurocars, Inc.*, 654 So. 2d 1158 (Fla. 1995).

---

[4] Case No. 22-22686-CIV-Scola. The Court will reference docket entries from the District Court case as ("District Court ECF #")
[5] The Opinion and Order, the Rehearing Order, the *Order Granting Motion to Vacate and Motion for Clarification* (District Court ECF #46) (the "Clarification Order"), *Judgment* (ECF #587), and *Amended Judgment* (ECF #602) are collectively referred to as the "District Court Orders."

The District Court remanded this matter "for resolution of [a] particular issue": to make "factual findings that would be sufficient to support a finding that Gallego was acting in the course of her duties at the time of the May Incident." *Order Denying Motion for Rehearing* 1,3, (District Court ECF #38).

At the Status Conference, the Debtors argued that there is no need to reopen the evidence and instead that a citation to evidence already in the record is enough to support a finding that Gallego was acting within the scope of her duties as president of the Association during the May Incident. The Debtors then submitted their Memorandum citing to the following evidence already in the record: (1) a 911 call where Gallego identified herself as president of the Association and stated that she was driving an Association vehicle while making an inspection of the property; (2) Gallego identified herself as and otherwise used her position as president of the Association with respect to the whole scene; and (3) Gallego called Hammock's security.

The Receiver makes two arguments. First, that the District Court already considered all of the record evidence before this Court in its own independent review on appeal and found that there was not enough evidence in the record to support that Gallego was acting within the scope of her duties as president of the Association at the time of the May Incident and therefore to justify an award of punitive damages against the Association, the Debtors need to provide *new* evidence. Second, it follows that the Debtors' reliance on already submitted evidence to support an award of punitive damages against the Association is

5

therefore violative of the mandate rule and law of the case doctrine. The Court agrees with the Receiver.

## **ANALYSIS**

The doctrine of law of the case "is a rule of practice under which a rule of law enunciated by a federal court not only establishes a precedent for subsequent cases under the doctrine of stare decisis, but [also] establishes the law which other courts owing obedience to it *must,* and which it itself will, normally, apply to the same issues in subsequent proceedings in the same case. . . . While the law of the case does not bar litigation of issues which might have been decided but were not, ... it does require a court to follow what has been decided explicitly, as well as by necessary implication, in an earlier proceeding." *In re All Am. Semiconductor, Inc.*, 427 B.R. 559, 565–66 (Bankr. S.D. Fla. 2010) (internal citations and quotations omitted). The mandate rule "is nothing more than a specific application of the 'law of the case' doctrine. *Piambino v. Bailey,* 757 F.2d 1112, 1120 (11th Cir. 1985). This rule dictates that a trial court, 'upon receiving the mandate of an appellate court, may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate.'" *Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1331 (11th Cir. 2005).

"[T]he law of the case doctrine does not apply to bar reconsideration of an issue when (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest

6

injustice." *Silva v. Baptist Health S. Fla., Inc.*, 838 Fed. Appx. 376, 383 (11th Cir. 2020) (quoting *Wheeler v. City of Pleasant Grove*, 746 F.2d 1437, 1440 (11th Cir. 1984)). Law of the case does not apply when the decision of the appellate court is based on a different record than that of the trial court. *See Silva,* 838 Fed. Appx at 383. "The first exception to the doctrine recognizes that the law of the case is the law made on a given set of facts, not law yet to be made on different facts." *Id.* (quoting *Jackson v. State of Ala. State Tenure Comm'n*, 405 F.3d 1276, 1283 (11th Cir. 2005)).

The Debtors declined the opportunity to reopen the evidence to present new evidence, arguing that they intended to rely on evidence that had already been presented to the Court. Accordingly, the Court entered its *Order Setting Briefing Schedule* (ECF #611). The Debtors then submitted their Memorandum. The only evidence cited to by the Debtors was evidence already in the record before this Court and therefore also in the record on appeal before the District Court. The District Court Orders clearly stated numerous times that on the record before it there was not enough evidence to show that Gallego was acting within the scope of her duties as president and that the driving of the Association vehicle was not enough. A review of the District Court docket indicates that all of the evidence cited in the Debtors' Memorandum is the same evidence cited by the Debtors in their appellate briefing with the District Court.

The District Court determined there was not enough factual support on the record before it; this Court is bound by that ruling. As the Receiver argued in its Response, on remand the Debtors needed to present new evidence that was

7

not in the record on appeal in order for the Court to make the "final, necessary finding" in "evaluat[ing] whether Gallego was acting in performance of her duties as Hammocks' president at the time of the May 2019 Incident" as mandated by the District Court. The Debtors failed to point to any evidence in the record that was not considered by the District Court, and the Debtors elected not to reopen the evidence in order to more fully develop a new record[6].

Accordingly, it is **ORDERED** as follows:

1. Hammocks is jointly and severally liable with Gallego for the compensatory damages in the amount of $126,718.80 as previously ordered by the Court in the *Order Granting in Part Motion to Alter or Amend Judgment for Rehearing, Relief from Judgment and/or Reconsideration as to ECF 480* (ECF #510).

2. Only Gallego is liable to the Debtors for punitive damages in the amount of $126,718.80.

3. The Debtors are directed to submit amended final judgments consistent with this Opinion.

###

Copies furnished to:
Michael Brooks, Esq.
Kenneth Murena, Esq.

*Attorney Murena is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF, and file a proof of such service within two (2) business days from entry of the Order.*

---

[6] Regardless of whether there was sufficient evidence to find Hammocks jointly and severally liable for compensatory damages, Hammocks did not timely appeal that finding, and, as the District Court stated several times, that ruling stands.